By the Court, Bronson," J.
From what was said when the order was presented, I infer that the defendant spoke of the balance which was, or would be due to Dempsey; and not of any sum of money in the defendant’s hands as treasurer of the society. But the testimony which was afterwards given, that the defendant had no funds except as treasurer of the corporation, contains an implication that he had money in his hands belonging to the society at the time the order was presented. Assuming' that fact to be sufficiently established, the question then is, whether this action for money had and received to the plaintiff’s use can be maintained.
If this was a promise to pay the debt of a third person, then, whether there was a sufficient consideration or not, the promise was void within the statute of frauds, for not being in writing. And if the order can be regarded as a bill of exchange, the acceptance was void because not in writing. (1 R. 8. 768, § 6.) We must, therefore, look for some other ground on which to uphold the action.
If the defendant, instead of the society, had been a debtor to Dempsey, the order might be regarded as an assignment of the debt to the plaintiff; and then, on an express promise *85 to pay the plaintiff, the action could be maintained; and it would, perhaps, be sufficient to count for money had and received to the plaintiff’s use. (Israel v. Douglass, 1 H. Black. 239. Ward v. Evans, 2 Ld. Raym. 928. This case is also reported, 2 Salk. 442, Comyn’s R. 138, Holt’s R. 120, 6 Mod. 36, and 12 id. 521. Crocker v. Whitney, 10 Mass. R. 316. Wilson v. Coupland, 5 Barn. & Ald. 228.) The principle is the same, where the person on whom the order is drawn.has funds in his hands belonging to the drawer. (Weston v. Barker, 12 John. R. 276. McMenomy v. Ferrers, 3 id. 71. Langston v. Corney, 4 Camp. 174.) But there is a difficulty with the plaintiff’s case. The defendant was not a debtor to Dempsey, nor had he any funds in his hands which belonged to Dempsey. The most that we can infer from the evidence is, that the defendant had funds in his hands belonging to Dempsey’s debtor—the society. Neither Dempsey nor his assignee could acquire any right to that money, until the society, which was the owner, should make a transfer or give some direction concerning it. The money might be appropriated to pay another debtor, or to any other use which the society might deem proper. Although Dempsey, could assign the debt which was due to him from the society, he could not transfer the funds in the defendant’s hands, for thé obvious reason, that they were not his to dispose of. The defendant neither received nor held the funds to the use of Dempsey. He received and held them to the use of the society, of which he was the treasurer.
The cases which tend most strongly in favor of the plaintiff, are those in which it has been held, that assumpsit will lie against an executor, on an express promise to pay a debt of the testator or a legacy, in consideration of assets, and where the judgment is de bonis propriis. (Trewinian v. Howell, Cro. Eliz. 91. Atkins v. Hill, Cowp. 284. Hawkes v. Saunders, id. 289. And see Bank of Troy v. Topping, 9 Wendell, 273.) Although I am unable to see how the possession of assets, makes a sufficient consideration to uphold such a promise, it is enough that the question is settled *86 upon authority. But there is a plain distinction between these cases and the one at bar. If an executor have sufficient assets for the payment of debts and legacies, the fmid is at his disposal, and not subject to any other control. But here, the defendant was a mere depositary of the money. He held it as the bailee of the society, and subject to its order. The church could not only direct him to pay any other creditor in preference to Dempsey, but it could, at pleasure, recall the fund and place it in the hands of another agent. It appears affirmatively, that the defendant had no authority to pay out the funds, until the amounts or orders had been countersigned by the building committee. It is impossible to maintain that there was any consideration for his promise. It was an undertaking to pay the debt of a third person, without either consideration or writing; both of which are necessary to uphold such contract. The defendant said, the plaintiff should have his money in eight or ten days, but there was no contract for forbearance. In The Bank of Troy v. Topping, (9 Wendell, 273,) the administrators had given their promissory note for the debt of the intestate, payable in sixty days; and yet it was held, that that fact alone did not prove a contract for forbearance.
If the promise had been in writing, and upon sufficient consideration, I do not see how the action, in its present form, could be maintained. In the cases where an executor has been held liable, on a promise to pay the debt of the testator or a legacy, the plaintiff has counted specially on the promise. But here, the plaintiff seeks to recover as for money had and received to his use. The defendant has no such money in his hands.
Judgment reversed.