Denio, J.
 

 The endorsement of a promissory note or bill of exchange effects two different and distinct purposes. It is a present transfer and assignment of the paper to the indorsee, and an executory contract by which the indorser agrees, upon certain conditions, to pay the amount of the note or bill himself. There can be no regular indorsement which does not
 
 ipso facto
 
 transfer the paper; but it is not absolutely essential that it should also contain the collateral contract.
 
 (Chitty on Bills,
 
 254;
 
 Rice
 
 v.
 
 Stearns,
 
 3
 
 Mass.
 
 225.) The defendant in this case indorsed the note in question by writing his name upon it; and adding the word treasurer, and the note itself was payable to him, with the addition of the usual abbreviation of the same Word. The answer shows that the defendant when he made the indorsement was the treasurer of a manufacturing corporation, and that this was known to the plaintiffs, who received the note thus indorsed on account of a demand which they had against the corporation. The question is whether this was a qualified indorsement, passing, as it clearly did, the interest in the note, but without any other contract on the part of the defendant. This question was decided against the plaintiffs in the supreme court more than thirty years ago, and has since been acquiesced in by the profession, and, I have no doubt, has been extensively acted on by business men. In
 
 Mott
 
 v.
 
 Hicks,
 
 (1
 
 Cowen,
 
 513,) the only material question was, whether a witness named Houseman was competent to testify, he having been objected to on the ground of interest. He had indorsed a note made by a manufacturing corporation, payable to his order, adding to his name
 
 *194
 
 the word agent. His name as payee in the note had no addition annexed to it, but it was proved that the plaintiff was privy to the consideration upon which it was given and indorsed; and that consideration was a debt due from the corporation. If Houseman was personally liable on this indorsement, he was interested and incompetent as a witness ; otherwise he was not. The court held that it was a qualified indorsement, operating as a transfer of the note, but not containing a contract to pay. Chief Justice Savage dissented, on the ground that it had not been proved, except by Houseman himself that he was agent of the company, and that the note was payable to him individually. In these two particulars the situation of this .defendant is more favorable than that of Houseman. It has been held that an indorsement of a note to the cashier of a moneyed corporation, by adding the word cashier to his name in the indorsement, is a transfer to the corporation, where that was the design of the transaction. (
 
 Watervliet Bank
 
 v.
 
 White,
 
 1 Denio, 608.) So, this note
 
 before the
 
 endorsement may be considered as having been the property of the manufacturing’corporation, it being substantially averred that such was the nature and intent of the transaction upon which it was given. The case of
 
 Mott
 
 v.
 
 Hicks
 
 is, therefore, a direct adjudication upon this very point, by the highest court of original-jurisdiction in this state; and it has been acquiesced in and regarded as the law for a great length of time. The question was in the highest degree practical, and of more frequent occurrence than almost any other. It, moreover, related to commercial paper, in respect to which it is of the utmost importance that the decisions of the courts' should be stable, so that they may be relied on with confidence by the community. We should be therefore most reluctant to depart from the principle of the case, even could it be successfully questioned as not in harmony with legal analogies or antecedent cases. We think, however, it is not subject to any such criticism. It has been followed in principle in
 
 Brockway
 
 v.
 
 Allen,
 
 (17
 
 Wendell,
 
 41,) and- in
 
 Hicks
 
 v.
 
 Hinde,
 
 (9
 
 Barbour’s S. C.
 
 
 *195
 

 Rep.
 
 528,) and has not been questioned, so far as we know, by any case.
 

 The judgment of the common pleas should therefore be affirmed.
 

 Edwards, J., also delivered an opinion in favor of affirmance.
 

 Johnson, Parker and Allen, Js., concurred,
 

 Selden, J., was in favor of reversing the judgment.
 

 Gardiner, Ch. J., and Ruggles, J., took no part in the decision.
 

 Judgment affirmed.