# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

## OCTOBER TERM, 1887.

---

### EUGENE MARTIN *v.* GEORGE H. SMITH.

1. BILL OF EXCHANGE. *Liability of maker. Evidence to explain.*
    Parol evidence is admissible to explain a doubt arising on the face of a negotiable instrument, as to the party bound or the character in which the signer acted in an action between the original parties thereto.
2. SAME. *Case in judgment.*
    And a bill of exchange signed "E. M., Treas.," comes within the exception above stated.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

George H. Smith brought this action against Eugene Martin to recover on the following instrument:

$500.00.                    "VICKSBURG, MISS., *December* 28, 1881.
    "Ninety days after date pay to the order of George H. Smith, five hundred dollars. Value received, and charge the same to account of, as advised,
                                    "EUG. MARTIN, *Treas.*
"To Lee Brooks & Co., 13½ Sears Building, Boston, Mass."

To this the defendant, in his amended plea, pleaded as follows:

" That the said draft sued on was given in settlement of a debt due by the Mississippi Valley & Ship Island R. R. Co. to said plaintiff, of which railroad company defendant was at that time the treasurer, and of which Lee Brooks & Co., were financial agents; said

defendant gave said draft, as treasurer aforesaid, in settlement of
said debt, and said plaintiff well knew this to be so, and received
and accepted said draft for said purpose aforesaid ; and said draft is
not the personal debt of defendant, but is the debt of said railroad
company."

To this plea the plaintiff demurred, the demurrer was sustained,
and the defendant appealed.

*Miller, Smith & Hirsh,* for the appellant.

This court, in the case of *Hardy* v. *Pilcher*, 57 Miss. 18, has set-
tled the law in this case.    See also Wharton on Agency, § 295 ;
*Meggett* v. *Baum*, 57 Miss., p. 22.

· The instrument sued on is just the kind of paper spoken of in
*Hardy* v. *Pilcher*, and the demurrer should have been overruled.

*A. M Lea,* for the appellee.

Some one to whom the holders may look must *appear on the face
of the note or bill* before the *signer* can be absolved.    While the
cases are numerous in which extrinsic evidence has been received to
explain ambiguities in such instruments, the bills or notes making
it doubtful which of two parties were intended to be bound, it is
quite uniformly held that such proof ought not to be permitted to
show that the paper is the bill of a party whose name or identity is
not disclosed by the paper itself.    See Daniel on Negotiable Instru-
ments, § § 403, 414.

*Hardy* v. *Pilcher*, 57 Miss. 18, when considered with reference
to the instruments then before the court, is not against ·us.    The
name of the party there sought to be charged was disclosed both by
the signature and the acceptance.    Here there is nothing to connect
the railroad company with the bill.

ARNOLD, J., delivered the opinion of the court.

It was competent to prove the facts averred in appellant's third
and amended plea by parol testimony, and they were sufficient to
relieve him from personal liability.    There are authorities to the
contrary, but the doctrine established in this State sustains the
validity of such pleas, at least as between the original parties to the
transaction, and it is well supported by authority.    *Davis* v. *Hen-*

*derson,* 25 Miss. 549; *Hardy* v. *Pilcher,* 57 Id. 18; 1 Parson's Notes and Bills, 168; 1 Daniel on Neg. Insts. § 418; *McClellan* v. *Reynolds,* 49 Mo. 312; *Haile* v. *Pierce,* 32 Md. 327; *Baldwin* v. *Bank of Newbury,* 1 Wall. 234; *Mechanics' Bank* v. *Bank of Columbia,* 5 Wheat. 326; *Babcock* v. *Beman,* 11 N. Y. 200; *Mott* v *Hicks,* 13 Am. Dec. 550, and notes.

It is true that generally extrinsic testimony is not admissible to vary or explain negotiable instruments; but one exception to the rule is, that when anything appears on the face of the paper to suggest a doubt as to the party bound, or the character in which any of the signers acted in affixing his name, parol testimony may be admitted, as between the original parties, to show the true intent and meaning of the parties. Authorities *supra.* Enough appears on the face of the bill sued on in the case at bar, to bring it within this exception.

*The demurrer is overruled, the judgment reversed, and the case remanded for further proceedings.*