MARY SCHMITTLER, Respondent, *v.* ADAM SIMON, Appellant.

Where words used, in their application to an instrument of which they are a part, are not entirely intelligible, oral evidence of the circumstances attending its execution may, as between the parties, be admissible to aid in the interpretation.

A draft was drawn upon defendant for $900, payable at a time specified, with direction to charge the same against the drawer " and of " his mother's estate. Following the name of defendant in the draft was the word " executor." He accepted it, adding to his name the same word. In an action upon the acceptance it appeared that defendant was executor of the will of R. who was the mother of the drawer of the draft. The draft was indorsed over by the payee to his wife, the plaintiff. There was evidence tending to show that the draft was taken by the payee for plaintiff or with a view to transfer it to her. Defendant offered to show

that when the draft was drawn it was understood between the drawer, payee and plaintiff that it was to be paid out of the drawer's interest in the estate; that defendant then stated in their presence he would not accept or become liable personally, and it was agreed that he should accept in his capacity as executor, to be paid only out of the drawer's interest in the estate. This evidence was objected to and excluded. *Held,* error; that the testimony was competent as bearing upon the understanding of the relation and the character of the liability defendant assumed by his acceptance.

*Pinney* v. *Johnson* (8 Wend. 500) distinguished.

Reported on a former appeal, 101 N. Y. 554.

· (Argued March 19, 1889; decided April 23, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 3, 1887, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought against the defendant as an acceptor of a draft, of which the following is a copy:

" New York, *February* 26, 1877.

"Mr. Adam Simon, executor, will please pay to Johannes Schmittler or his order, on the first day of July, which will be the year 1879, the sum of nine hundred doll. with seven per cent interest, to be paid, besides, the amount, yearly, July month, and charge the amount against me and of my mother's estate.        "WM. J. SCHAREN."

Across the face was written: "Accept, Adam Simon, Executor;" and it was indorsed:

"Pay to the order of Mary Schmittler the amount of note.

"JOHANNES SCHMITTLER."

The further material facts are stated in the opinion.

*Charles C. Smith* for appellant. All the parts and the whole context of an agreement, contract or other writing must be considered to arrive at the intention of the parties thereto. (Chitty on Cont. [5th ed.] 83, 84; Id. [9th ed.] 77; Addison

on Cont. [3d ed.] § 224 ; 2 Parsons on Cont. [5th ed.] 501, 503, 505 ; 2 Kent's Com. 553–555 ; 2 Story on Cont. §§ 657, 658 a ; Edwards on Bills [3d ed.] § 216 ; *Knapp* v. *Warner*, 57 N. Y. 668 ; *Springsteen* v. *Sampson*, 32 id. 707 ; *Wilson* v. *Troop*, 2 Cow. 228.) To hold an executor personally liable, the promise to pay must be unqualified. (Edwards on Bills [3d ed.] § 75.) It was the duty of the court to admit proof to show not only the meaning and application of the phrase alluded to, but the intention of the parties in using it. (Chitty on Bills [12th Am. ed.] 341.) The principle that, in all cases, the intention of the parties to an agreement should be carried out according to the sense in which they mutually understood it, is well established. (Chitty on Cont. [5th ed.] 75, 76 ; Id. [9th ed.] 85 ; Greenl. on Ev. § 287 ; Edwards on Bills [3d ed.] § 215 ; *White* v. *Hoyt*, 73 N. Y. 505, 511 ; *Hoffman* v. *Ætna Fire Ins. Co.*, 32 id. 405, 413 ; *Potter* v. *Ont. & L. M. Ins. Co.*, 5 Hill, 149 ; *Barlow* v. *Coit*, 24 N. Y. 40 ; *Phillips* v. *Gallant*, 62 id. 256 ; 2 Parsons on Cont. [5th ed.] 499.) If the presumption is that the contract was made in a representative capacity, it should be so interpreted and applied. (*Chateau* v. *Suydam*, 21 N. Y. 182.) The purpose and intent for which a security was given may be shown, and it is not regarded as varying the legal effect of the instrument. (*Bainbridge* v. *Richmond*, 17 Hun, 391 ; *Bostwick* v. *Beach*, 31 id. 343 ; *Sheely* v. *Cannon*, 17 Week. Dig. 159 ; *L. S. Bk.* v. *T. R. & R. Co.*, 14 Ill. App. 141 ; *Brady* v. *Cassidy*, 104 N. Y. 147 ; Edwards on Bills [3d ed.] § 74.) The rule that parol evidence cannot be received to contradict or explain a written contract is relaxed, not only in cases of fraud, mistake and latent ambiguity, but is frequently admitted to point out and connect the contents of a paper with the proper subject-matter, and the precise object to which it is applicable. (Chitty on Cont. [5th ed.] 101, 104, 108 ; Byle on Bills, 159, note ; *Julliard* v. *Chaffee*, 92 N. Y. 529 ; Greenl. on Ev. [3d ed.] §§ 90, 284 a.) Neither do the reasons which forbid, in some instances, the admission of parol evidence to alter or explain written instruments, apply to those contracts implied by operation of law, such as the law

implies in respect to negotiable paper. (Byles on Bills, 158–162, note; *Pierce* v. *Irwine*, 1 Miss. 369; *Winston* v. *Boyden*, Id. 383; *Bailey* v. *Stoneman*, 41 Ohio St. 148; *Patterson* v. *Todd*, 18 Penn. St. 476; *Brickelbach* v. *Wilkins*, 23 id. 26; *Owings* v. *Grubb*, 6 J. J. Marsh. 31; *Barlow* v. *Fleming*, 6 Ga. 146; *Early* v. *Wilkinson*, 3 Gratt. 68; *Riley* v. *Garrett*, 9 Cush. 104; *Baker* v. *Scott*, 5 Richardson, 355; Edwards on Bills [3d ed.] §§ 167, 400.) Neither is the rule applicable when the original contract was verbal and entire, and part of it only was reduced to writing. (*Chapin* v. *Dobson*, 78 N. Y. 74; Greenl. on Ev. §§ 90, 283, 284 a; *Benton* v. *Martin*, 52 N. Y. 570; Add. on Cont. [3d ed.] § 243; *Rogers* v. *Hadley*, 2 H. & C. 227; *Harris* v. *Rickett*, 4 H. & N. 1; *Eighmie* v. *Taylor*, 98 N. Y. 288.) If two parties sign a memorandum of a contract upon the strength of a clear oral agreement that the writing is not to be binding until the happening of a given event, and the event never happens, there is no contract. (Addison on Contracts, § 247; *Pym* v. *Campbell*, 6 El. & B. 370; 25 L. J., Q. B. 277; *Rogers* v. *Hadley*, 2 H. & C. 227; *Lindley* v. *Lacey*, 34 L. J. C. P. 9; 17 C. B. [N. S.] 578; *Wallis* v. *Littell*, 13 id. 369; 31 L. J., C. P. 100; *Davis* v. *Jones*, 17 C. B. 634.) A contemporaneous agreement, whether oral or written, to modify the liability of the maker or acceptor is good as between the original parties. (Byles on Bills [6th Am. ed.] 155–157; *Wilson* v. *Randall*, 67 N. Y. 338; *Hope* v. *Balen*, 58 id. 380; *Van Brunt* v. *Day*, 81 id. 251; Edwards on Bills [3d ed.] § 164; *Duparquet* v. *Knubel*, 24 Hun, 653; *Bowen* v. *Nat. Bk.*, 11 id. 226; *Phillips* v. *Preston*, 5 How. [U. S.] 278; *Nichols* v. *Nelson*, 18 Week. Dig. 210; *S. C.*, N. Y. Daily Reg. Jan. 9, 1884; *Batterman* v. *Price*, 3 Hill, 171; *Bookstaver* v. *Glenny*, 3 T. & C. 248; *Wilson* v. *Dean*, 74 N. Y. 531; *Grierson* v. *Mason*, 60 id. 394; *Eighmie* v. *Taylor*, 98 id. 228; *Potter* v. *Hopkins*, 25 Wend. 417; *Lindley* v. *Lacey*, 34 L. J., C. P. 9; Stephen's Digest on Law Ev. chap. 12, art. 90; *Johnson* v. *Oppenheim*, 55 N. Y. 293; *Erskine* v. *Adrian*, L. R., 8 Ch. App. 756; *Morgan* v. *Griffith*, L. R.,

6 Ex. 70; Chitty on Bills, 91.) When the oral agreement furnishes a part of the consideration for the written one, it is also competent to prove it on that ground. (*Guinnip* v. *Close*, 19 Week.. Dig. 226; *Taintor* v. *Hemmingway*, 18 Hun. 458; 83 N. Y. 610.) A written, signed, simple contract may be delivered with an express parol condition precedent that it is not to take effect or be binding, except on the happening of a certain event. (Addison on Cont. § 247; *Hutchins* v. *Hutchins*, 98 N. Y. 56–63; Chitty on Bills, 340, 341.) The instrument may be so delivered, not only to a stranger, but by one party to another. And evidence of the parol condition is admissible, not only when it is relied on as a condition, but also when an action is brought on it as an agreement. (Byles on Bills, 161, 162, 243; *Robinson* v. *Mernaigh*, 21 Week. Dig. 311; *Guinnip* v. *Close*, 19 id. 226; *Benton* v. *Martin*, 52 N. Y. 570; *Chapin* v. *Dobson*, '78 id. 74; *Hutchins* v. *Hutchins*, 98 id. 56–63; *Johnson* v. *Oppenheim*, 55 id. 293; Story on Prom. Notes [2d ed.] §§ 149, 150, 291; *Julliard* v. *Chaffee, supra;* Parsons on Notes, 518–528; *Wislizenus* v. *O'Fallon*, 91 Mo. 184; *Bell* v. *Lord Ingestry*, 12 C. B. 317; *Bannerman* v. *White*, 31 L. J., C. P. 28; Bayley on Bills, 157, 178–181, 244–248; *French* v. *Wallack*, 12 N. Y. State Rep. 159; *Mason* v. *Hunt*, 1 Doug. 297; *Merchants' Bk.* v. *Griswold*, 72 N. Y. 472; Chitty on Bills [12th Am. ed.] 84, 91, 96, 97; *Dana* v. *Munson*, 23 N. Y. 564; *Clark* v. *Sisson*, 22 id. 312; *Atlantic Fire Ins. Co.* v. *Boies*, 6 Duer, 583; *Bernhard* v. *Brunner*, 4 Bosw. 528; *Bookstaver* v. *Jayne*, 60 N. Y. 146; *Davis Sewing Mach. Co.* v. *Best*, 105 id. 59; *Comstock* v. *Hier*, 73 id. 269; Bayley on Bills [2d Am. ed.] 169; *Stover* v. *Logan*, 9 Mass. 55; *Germania Bk.* v. *Taaks*, 101 N. Y. 445; Edwards on Bills, § 463; *Winter* v. *Livingston*, 13 Johns. 54; *Eighmie* v. *Taylor*, 98 N. Y. 228; *Hudson* v. *Walcott*, 39 Ohio St. 618; Addison on Cont. [3d Am. ed.] § 247.) To preclude the introduction of such testimony in this case, the plaintiff should have been a *bona fide*, and an innocent holder for value and without out actual or constructive notice of any terms, qualifications or

conditions attached to its acceptance· by the defendant, or of its invalidity. (Story on Bills [2d ed.] §§ 184, 187; Byles on Bills, 187, 194, 195, 196, 208, 243; *Mason* v. *Hunt*, 1 Doug. 297; *Merchants' Bk.* v. *Griswold*, 72 N. Y. 479; Chitty on Bills [12th Am. ed.] 91, 96, 97; Edwards on Bills [5th ed.] §§ 397, 442, 445, 446, 463, 517, 519; *Ricketts* v. *Pendleton*, 14 Md. 320; Bayley on Bills, 169; Id. chap. 12, 548 550; *Davis Sewing Mach. Co.* v. *Best*, 105 N. Y. 59; Story on Prom. Notes [2d ed.] 246, and notes.)   It is always competent for the maker of a promissory note to fix the conditions and restrictions upon which it shall be transferred and to prohibit its transfer unless they be complied with; and the holder with notice thereof cannot recover if it is diverted from the purpose for which it was made. (*Ayres* v. *Doying*, 26 Week. Dig. 13; Chitty on Bills [12 Am. ed.] 330, 340; *Tinsdale* v. *Murray*, 9 Daly, 449; *Harman* v. *Hope*, 87 N. Y. 10; 3 Edwards on Bills, §§ 442, 448, 450, 451, 452; *Lattimer* v. *Hill*, 8 Hun, 171; *Small* v. *Smith*, 1 Denio, 583; *Daggett* v. *Whitney*, 35 Conn. 372; *Felters* v. *Muncie Nat. Bk.*, 34 Ind. 251; *Hedden* v. *Bishop*, 5 R. I. 29; *Hackerson* v. *Raignel*, 2 Heisk. 329; *Denniston* v. *Bacon*, 10 Johns. 198; *Kasson* v. *Smith*, 6 Wend. 437; *Moore* v. *Ryder*, 65 N. Y. 440; *Nat. Bk. Gloversville* v. *Wells*, 79 id. 503; *Republic Bk.* v. *Young*, 41 N. J. Eq. 531.)   The court erred in excluding all evidence as to whether the defendant received any consideration for the alleged acceptance, and as to whether the alleged draft was not purely and simply an accomodation and provisional paper, not founded on any consideration whatever, and of which the plaintiff had due notice and knowledge. (Story on Bills [2d ed.] §§ 180, 184, 187; *Wildsmith* v. *Tracy*, 80 Ala. 258; Edw. on Bills [3d ed.] §§ 446, 461, 462, 463, 469; Story on Prom. Notes, chap. 5; Bayley on Bills, chaps. 10, 420, 421; *Darnell* v. *Williams*, 2 Stark. 166; *Wiffin* v. *Roberts*, 1 Esp. 261; *James* v. *Hibbert*, 2 Stark. 304; *Sparrow* v. *Chesman*, 9 B. & C. 241; *De Lancy* v. *Mitchell*, 1 Stark. 439; Edw. on Bills, §§ 204, 440; Byles on Bills [6th Am. ed.] 206, 207; *Tillotson* v: *Grapes*, 4 N. H.

444; *Earl* v. *Page*, 6 id. 447; *Pryor* v. *Coulter*, 1 Bailey, 517; *Cook* v. *Mix*, 11 Conn. 432; *Denniston* v. *Bacon*, 10 Johns. 198; *Amherst Academy* v. *Cowles*, 6 Pick. 427; *Payne* v. *Cutler*, 13 Wend. 605; *Barnes* v. *Finch*, 6 Root, 53; *Spalding* v. *Vandercook*, 2 Wend. 431; *Burton* v. *Steward*, 3 id. 236; *Rogers* v. *McKnight*, 4 J. J. Marsh. 154; *Johnson* v. *Titus*, 2 Hill, 606; *Lattin* v. *Vail*, 17 Wend. 188; *Scudder* v. *Andrews*, 2 McLean, 464; *Washburn* v. *Picott*, 3 Dev. 390; *Tenness* v. *Parker*, 24 Me. 289; *Stone* v. *Fowler*, 22 Pick. 166; *Ferguson* v. *Oliver*, 8 Sme. & M. 23; *Wise* v. *Neal*, 39 Me. 492; *Walker* v. *Squires*, Hill & Denio, 23; *Sawyer* v. *Chambers*, 44 Barb. 42; *Harwood* v. *Brown*, 23 Mo. App. 69; *Applegarth* v. *Robertson*, 65 Md. 493.) Even if the plaintiff had established her title by showing that there was only a partial failure of consideration, yet on that ground she could recover but *pro tanto*, being no more than the value she had parted with on taking the alleged draft, and the court erred in excluding evidence to that effect. (Edw. on Bills [3d ed.] § 469; Byles on Bills [6th ed.] 206, 207.) A total failure of consideration is a perfect defense, and a partial failure is a good defense *pro tanto*. (Edw. on Bills [3d ed.] § 469; Byles on Bills [6th ed.] 206, 207; *Haynes* v. *Cromwell*, 69 N. Y. 370; Story on Prom. Notes, 217; *Fairbanks* v. *Sargeant*, 104 N. Y. 108; *Moore* v. *Ryder*, 65 id. 438–442; *Cardwill* v. *Hicks*, 37 Barb. 458; *Lawrence* v. *Clark*, 36 N. Y. 128; *Harger* v. *Morrell*, 69 id. 370; *Brown* v. *Callaway*, 41 Ark. 418; Bayley on Bills, 531: *Kelly* v. *Freedman* 56 Mich. 321.)

*Winchester Hall* for respondent. It is no defense that defendant accepted the bill for the accommodation of the drawer, which the plaintiff knew. (*Grant* v. *Ellicott*, 7 Wend. 227.) If the words "as executor of Regina Scharen" be added to the acceptor's name, it would change neither the character nor the effect of the instrument, for it retains all of its features as a bill of exchange. (*Thatcher* v. *Dinsmore*, 5 Mass. 299; *Forster* v. *Fuller*, 6 id. 58; *Childs* v. *Monins*,

2 Brod. & Bing. 462.)   In actions upon contracts made by executors, however they may describe themselves therein, they are personally liable.   (101 N. Y. 554.)   The simple promise to pay interest made the debt personal to the defendant. (*Childs* v. *Monins*, 2 B. & B. 462; *Bradley* v. *Heath*, 3 Sim. 543; *Liverpool Borough Bk.* v. *Walker*, 4 De Gex & Jones, 29; *Sims* v. *Stillwell*, 3 How. [Miss.] 176.)

BRADLEY, J. Upon the review of a former trial, where the question presented had relation only to the legal import of the terms of the instrument in question, it was held that it was a bill of exchange and that the defendant was, upon his acceptance, personally liable to the plaintiff as indorsee of the paper.   (101 N. Y. 554.)   This is the review of the succeeding trial, and the admissibility of evidence offered by the defendant is now the subject of inquiry.   The defendant was executor of the will of Regina Scharen, deceased.   She was the mother of the drawer of the draft.   There is some evidence tending to prove that the draft was taken by the payee for the plaintiff, who was his wife, or with a view to transfer it to her.   The defendant offered evidence tending to prove that it was understood by the plaintiff and her husband, that the draft should be taken upon the security of the drawer's interest in the estate of his mother; that when the draft was drawn it was understood between the drawer, payee and the plaintiff that it was to be paid out of such interest in the estate; also, that the defendant then said, in the presence of all those parties, that he would not accept the draft or become liable upon it personally, and that it was then agreed or said between them that the defendant would accept the draft in his capacity as executor, to be paid only out of the drawer's interest in his mother's estate.   This evidence was offered in various forms on inquiry, and upon objection of plaintiff's counsel, was excluded and exceptions taken.   The general rule is, that when an agreement is reduced to writing it, as between the parties, is deemed to merge and overcome all prior or contemporaneous negotiations and declarations upon the subject, and that no

oral evidence is admissible to vary, explain or contradict its terms. But it may be that it would have been admissible for the defendant to prove, if he could, that his acceptance was not to take effect as such until a certain event, then in the future, and that when the payee and the plaintiff received it they were advised of an arrangemement to that effect. (*Seymour* v. *Cowing*, 1 Keyes, 532 ; *S. C.*, 4 Abb. Ct. App. Dec. 200 ; *Benton* v. *Martin*, 52 N. Y. 570 ; *Reynolds* v. *Robinson*, 110 id. 654; *Wilson* v. *Powers*, 131 Mass. 539 ; *Wallis* v. *Littell*, 11 C. B. [N. S.] 369.) In this connection reference may also be made to the proposition that the purpose for which a written contract is made may rest in a collateral oral arrangement, which may be shown to the effect that the design of it is different from that which its terms alone may indicate. (*Grierson* v. *Mason*, 60 N. Y. 394; *Juilliard* v. *Chaffee*, 92 id. 529 ; *Chapin* v. *Dobson*, 78 id. 74.) These propositions are not applicable when the conclusion is required that the writing contains the final consummation of the entire agreement between the parties. While the evidence so offered may bear the construction that there was an understanding between the parties to the draft that the liability of the defendant on the acceptance was dependent upon an ascertained interest of the drawer in the estate of his mother, and, in that event, to be incurred to the extent only of such interest, not exceeding the amount of the draft, we think such evidence cannot fairly be construed as tending to prove a collateral agreement suspending the inception or operation of the acceptance until some future event, or as tending to show that it was made for a purpose independent of the import of its terms, within the rule before mentioned. And, therefore, it is unnecessary to consider the question of the applicability of those propositions to negotiable paper. The consideration of a contract, in whatever form it may have been, may, as between the immediate parties to it, be the subject of inquiry. And in an action by the payee, upon a note made by an executor or administrator, on account of a debt which his testator or intestate left unpaid, such fact and that the assets of the estate were insufficient to

pay the note, may be shown as a defense, wholly or partially, as it may appear that there was an entire or partial want of assets to pay the debt represented by the note. (*Bank of Troy* v. *Topping*, 9 Wend. 273; *S. C.*, 13 id. 557.) The question in such case is one of consideration for the promise, evidenced by the note supposed to have been founded wholly upon the assets of the estate which the maker represented. While the maker and payee of a promissory note and the drawer and acceptor of a bill of exchange are immediate parties to the paper, that relation of privity does not exist between the payee and acceptor; and as between them alone, the want of consideration is no defense; but the acceptor, for the purpose of his defense in that respect, must go further and prove that there was no consideration as between the drawer and payee. There was no purpose indicated in the evidence offered, to do that, and, therefore, it does not seem to have been competent for that purpose. The question now is, whether the evidence so offered was admissible for any purpose. On the former review, in referring to the contention that the draft was drawn upon a specific fund, the court said : " Considering the question, as we are compelled to do, from the language of the instrument alone, we are unable to agree to the interpretation that the draft was payable only from a particular fund," and added : " While the point is not free from doubt, we think a reasonable construction of the draft favors the conclusion that it (the fund) is mentioned only as a source of reimbursement;" and " if the language of the paper could be considered at all ambiguous, it was the duty of the defendant to limit his liability by apt words of acceptance when it was presented to him; but, as it is, he has unqualifiedly promised to pay a fixed and definite sum at a specified time, and, we think, should be held to the contract which other parties were authorized, by his acceptance, to infer he intended to make." It does not appear what view the court may have taken of the admissibility of evidence of the fact, and of the fact itself, if it had then appeared, that the payee and the plaintiff, when

they received the draft, had been advised that it was drawn and accepted to be paid out of the drawer's interest represented by the defendant as executor. The question there was solely one of construction of the instrument as represented by its terms. And all that the court there necessarily determined was, that it did not appear by the terms of the draft that it was drawn upon a particular fund. That character would not be given to the draft upon doubtful construction as against the plaintiff, who was presumed to be a *bona fide* holder of it. The fact that the drawee was, in the draft, designated as executor, and that he added the like designation to his name subscribed to the acceptance, would not of itself import any other than a personal relation of the defendant to the instrument, as the word " executor " annexed to his name would presumptively be treated as merely descriptive of the person. But it might be given some substantial significance by other provisions, if those were such as to require it, in the instrument, and, in a proper case, this might be aided by extrinsic facts. The defendant, as executor, represented whatever interest the drawer of the draft had in the estate of Mrs. Scharen, deceased, and such interest must be obtained by him or whomsoever should become entitled to it, through the executor. That situation would have rendered a draft upon the latter for that purpose, and his acceptance, so qualified, legitimate. In that view it would seem that if the understanding of the parties to the draft, and the holder of it, was such, the *prima facie* import of the word " executor " might be overcome by evidence to the effect that it was used to qualify the liability of the defendant, and to show that it was assumed in his representative capacity only. This rule is applicable to other relations of a representative character, in like manner indicated, although the contract does not, in its terms, purport to have been made by or for the principal otherwise than by way of designation of the representative character of the person making it. The like presumption exists in that, as in this case, that the added designation is *descriptio personæ,* and the right to show the fact to be other-

wise is dependent upon the knowledge of the other party to the contract that such was the purpose when it was made. (*Brockway* v. *Allen*, 17 Wend. 40; *Paddock* v. *Brown*, 6 Hill, 530; *Hicks* v. *Hinde*, 9 Barb. 528; *Horton* v. *Garrison*, 23 id. 176; *Auburn City Bank* v. *Leonard*, 40 id. 136; *Bowne* v. *Douglass*, 38 id. 312; *Lee* v. *M. E. Church, etc.*, 52 id. 116; *Babcock* v. *Beman*, 11 N. Y. 200.)

In such case it is open to explanation by evidence to show that the purpose, as understood by the parties to the transaction, was that the party so executing the contract intended to assume no personal liability. (*Hood* v. *Hallenbeck*, 7 Hun, 362–365, and cases before cited.) And when aided by such evidence, the fact that a payee in a note who indorses it, and a drawee in a draft who accepts it, are, as well as in the indorsement and acceptance, in that manner designated, may be entitled to some significance. (*Bowne* v. *Douglass, supra ; Babcock* v. *Beman*, 11 N. Y. 200.) The distinction between the cases referred to and the present one, is that there was there a principal whose representative made the contract, which was a fact essential to the application of such rule upon the question of liability, while here the defendant, as executor, had no principal party to charge with liability upon his contract, and could represent no person as such. But he had duties to perform, as executor, in relation to the estate of his testatrix, amongst which was the duty to render his account and pay over, for the benefit of persons interested, such shares as they were entitled to from the estate; and if it was intended by the draft and acceptance, and such construction can, by aid of extrinsic facts, be allowed, that the defendant should be charged in the line of his representative duty merely, it would follow that he would be required to pay to the holder of the instrument to the extent of the sum mentioned, from the interest of the drawer in the estate, if it were sufficient for the purpose. That would be a proper liability of the defendant as such trustee, and the drawer and payee might depend upon the existence of that fund for payment. In the case of agency there is no fund but a principal

to charge. It is difficult to see any well founded distinction for the application in the two classes of cases of the rule, which permits the introduction of evidence to show the intention and purpose in that respect, of the parties to and interested in the transaction, who were advised of such purpose when they assumed their relation to the contract.

In *Pinney* v. *Johnson* (8 Wend. 500), this question did not arise. There the administrators had been charged by judgment upon their bond to a third party on account of a debt due from their intestate, and which they alleged as a liability of the estate, and a deficiency of assets by way of defense. The replication charged that the defendants had sufficient assets to pay the judgment and the plaintiff's claim, etc. The question arose upon the demurrer to the replication. The plaintiff had judgment, with leave to the defendant to rejoin. The court held that the judgment upon the bond of the administrators did not bind the estate, although the bond purported to have been made by them in their representative capacity. It is evident if they had any defense within the case of *Bank of Troy* v. *Topping* (*supra*), it did not survive the recovery of the judgment upon it. If the presumption arising out of the *prima facie* relation assumed by the defendant to the draft in question prevail, he must be personally liable within the doctrine of the case last cited. We are not prepared to say that in the present case the defense will be aided by the words "against me and of my mother's estate" in the draft, or any construction which may be put upon them. There is certainly some obscurity as to the purpose for which they were used, and they may be said to present some ambiguity. For the purpose of the construction of the instrument, no words can be added or taken from its provisions, but where the words used, in their application to an instrument of which they are a part, are not entirely intelligible, oral evidence of the circumstances attending its execution may, as between the parties, be admissible to aid in the interpretation, in its application, of the language so used. (*Fish* v. *Hubbard*, 21 Wend. 651–662; *Field* v. *Munson*, 47 N. Y. 221.)

For the reasons before given, we think the rejected evidence referred to should have been received, as bearing upon the understanding of the relation and the character of liability the defendant assumed by his acceptance of the draft. It is deemed admissible, in view of the designation which was given to the defendant in the draft, and in his acceptance of it, and by what appears on the face of the draft. (*Hicks* v. *Hinde*, 9 Barb. 531; *Laflin, etc., Co.* v. *Sinsheimer*, 48 Md. 411; *S. C.*, 30 Am. R. 472.)

This view is taken upon the assumption, as the offered evidence indicated, that the plaintiff and her husband were advised, when they received the draft, of the facts embraced in the offers of proof, otherwise the draft, as to the plaintiff, must, as on the former review, be treated as a negotiable bill of exchange, and no other interpretation can, by evidence of extrinsic circumstances, be given, nor, for that purpose, will the evidence be admissible. The fact that the draft was payable at a particular time and place, may be a circumstance entitled to consideration upon the merits, but they do not have the conclusive effect claimed for them by the plaintiff's counsel; and the same may be said in respect to the payments heretofore made by the defendant of interest upon the amount of the draft. We do not consider the effect of the acceptance by way of admission of assets in his hands belonging to the estate, or the force to which it may be entitled as such.

The only question now here, arises upon exceptions to the exclusion of evidence, which seems to have been well taken, and for that reason the judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except VANN, J., dissenting.

Judgment reversed.