### JENKINS v. PHILLIPS.

(Supreme Court, Appellate Division, Second Department. June 13. 1899.)

**1. EXECUTORS AND ADMINISTRATORS—PERSONAL LIABILITY.**

An administratrix who executes a note in her own name, but adds after her signature, "Admx.," is personally liable thereon, since the addition is descriptio personæ, and no limitation of her liability.

**2. SAME—DEFENSES.**

An administratrix who gives a note for the debt of her intestate may defeat her personal liability by showing that she had no assets of intestate, when it was executed, sufficient to pay it.

Appeal from special term, Kings county.

Action by David Jenkins against John H. Phillips, as administrator of the estate of Annie M. Phillips, deceased. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Thomas P. Mulligan, for appellant.
Robert H. Wilson, for respondent.

CULLEN, J. The plaintiff and his co-partner had a claim against one John H. Phillips, which claim subsequently became vested in the plaintiff alone. Phillips died in 1890, and the defendant's intestate was appointed administrator of his estate. In 1893, in settlement of the claim against her husband's estate, Mrs. Phillips gave the plaintiff a promissory note for $1,000, signed, "Annie M. Phillips, Admx." Payments were made on the claim from time to time, and renewal notes, generally at three months, were given for the balance due; all signed in the form stated. Mrs. Phillips died on March 17, 1896, at which time the plaintiff held her note, given on this account, for $383.91. For the amount of this note the plaintiff presented a claim against the estate of the deceased, which was referred under the statute. The note signed by Mrs. Phillips constituted her individual obligation, the addition "Admx." being simply descriptio personæ, and not limiting her liability. Schmittler v. Simon, 101 N. Y. 554, 5 N. E. 452. The learned counsel for the appellant contends that, even assuming the note to be the individual obligation of the deceased, it did not bind her personally, because

the only consideration for it was the claim against the estate of her husband; and in support of this proposition he relies on the case of Bank v. Topping, 9 Wend. 273. It was there said: "Administrators who have given a note for the debt of their intestate cannot be made personally responsible for the payment thereof, unless it be shown that they have assets, or that forbearance was the consideration of the note." But, a new trial having been had in the case cited, it was a second time before the supreme court. 13 Wend. 557. It was then held that the execution of the note "was prima facie evidence of assets in the hands of the defendants sufficient to pay it, but it was competent for them to rebut that presumption by showing affirmatively that they had no assets." In the present case no proof has been given to show that the assets of the estate of the husband were insufficient to discharge the plaintiff's claim, and therefore, under the decision on the second hearing of the Topping Case, the defense has entirely failed.

The judgment appealed from should be affirmed, with costs. All concur.