## SULLIVAN v. ROSSON et al.

(Supreme Court, Special Term, New York County. June, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 430*)—ACTIONS—PERSONAL LIABILITY.

A forbearance by plaintiff to enforce his mortgage was a sufficient consideration for an extension contract by which executors agreed to pay the debt, so as to render them personally liable for a deficiency.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1683–1688; Dec. Dig. § 430.*]

2. EXECUTORS AND ADMINISTRATORS (§ 221*)—PERSONAL LIABILITY OF EXECUTOR.

The mere signing of a note by executors is prima facie evidence of assets in their hands sufficient to pay it, and they are personally liable unless they show that such assets are insufficient.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 901–903½, 1858, 1861–1863, 1865, 1866, 1871–1874, 1876; Dec. Dig. § 221.*]

Action by Hannah Sullivan to foreclose a mortgage against Thomas Rosson and others. Judgment for plaintiff.

Henry J. & Frederick E. Goldsmith, of New York City (Otto A. Samuels, of New York City, of counsel), for plaintiff.

Andrew S. Fraser, of New York City, for defendants.

GIEGERICH, J. [1, 2] Upon the evidence I have no hesitation in finding that the extension agreement was signed in duplicate by all the parties thereto, and that as so signed one copy thereof was delivered to and received by the defendants and the other copy was retained by the plaintiff. It seems plain that the defendant executors are personally liable upon the extension agreement. It was abundantly shown by the evidence that forbearance by the plaintiff was the consideration for the agreement, and that is a sufficient consideration to support the personal liability of the defendant executors. Bank of Troy v. Topping, 9 Wend. 273. In the present case the evidence shows that the plaintiff refrained from proceeding to an immediate foreclosure upon the assurance of the defendant executors that they would pay the installment amounts as they became due under the extension agreement. Furthermore, there was a stipulation that the testator left personal assets in excess of the amount sued for, and that his equity in real estate was also in excess of that amount. It has been held that the mere signing of a note by executors is prima facie evidence of assets in their hands sufficient to pay it, and that they are personally liable unless they show that such assets were insufficient. Bank of Troy v. Topping, 13 Wend. 557; Jenkins v. Phillips, 41 App. Div. 389, 58 N. Y. Supp. 788.

There should be judgment for the plaintiff, with costs and the customary additional allowance. Submit, with proof of service, requests for findings within two days after the publication of this memorandum.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes