EMERSON NATIONAL BANK OF WARRENSBURGH, Plaintiff, *v.*
ARCHIBALD DERBY and Another, Defendants.

Supreme Court, Warren County, June 16, 1931.

*Harry A. Reoux [Henry W. Williams* of counsel], for the plaintiff.

*Sawyer & Gibson [John E. Sawyer* of counsel], for the defendants.

BREWSTER, J. The evidence of the facts and circumstances leading up to and attendant upon the defendants' making and delivery to plaintiff of their demand promissory note in suit establishes the fact that it was so made and delivered by defendants as the representatives of the estate of their father and testator and in renewal of the latter's note in like amount then owned by the plaintiff and which came due after said testator's death. This evidence was competent (*Schmittler* v. *Simon,* 114 N. Y. 176) and convinces me that the origin of the note in suit and the character of that obligation is in all respects the same as though the makers had added their representative titles and description beneath their signatures.

There is no sufficient proof to establish that the surrender of the old note was a valid consideration for the one in suit. The liability

of the estate for the debt of the decedent continued. (*Glenn* v. *Burrows*, 37 Hun, 602.) As was said in this case (p. 605): "But whether the original debt is in fact discharged depends upon the intention of the parties as evidenced by the agreement and circumstances under which the note and the surrender were made. There is no presumption of discharge of a precedent debt by the delivery to and acceptance by the creditor of a note or other obligation of a third person on account of it, but the fact depends upon evidence for its support." (Citing *Tobey* v. *Barb*, 5 Johns. 68; *Noel* v. *Murray*, 13 N. Y. 167; *N. Y. S. Bank* v. *Fletcher*, 5 Wend. 85; *Van Eps* v. *Dillaye*, 6 Barb. 244; *Crane* v. *McDonald*, 45 id. 354.) Neither do I find, upon the whole evidence, that it has been proven that there was any forbearance which constitutes a consideration for the promise of the defendant makers. Some forbearance on the part of the plaintiff may have been indulged to defendants after the renewal note was taken but none appears to have been exercised by it at the time it was made and delivered. Contra, there was only accommodation and convenience to the plaintiff in thus clearing its records of past due paper.

But there remains another presumption of consideration which, in my opinion, the defense has failed to destroy, viz., the assets of their testator in the hands of the makers and from which they, according to the proof, in effect, promised and agreed to pay the note in suit. To establish a want or failure of consideration on that score the burden of proof was upon the defendants. This defense could be successful only in proportion as it established, affirmatively, that the assets their testator left were insufficient to pay the note in the course of due and orderly administration. There is some indecisive evidence of a present but unknown extent of insolvency and that the surrogate has given an informal direction to the executors to withhold the funds of the estate pending his order or decree, save as the parties in interest otherwise agree. This, I believe, falls far short of establishing an insufficiency of assets, and, under the authority of the second decision in *Bank of Troy* v. *Topping* (13 Wend. 557) I find that the defense has failed and that the defendants are personally liable for the payment of the note in question. (See, also, *Bank of Troy* v. *Topping*, 9 Wend. 273; *Jenkins* v. *Phillips*, 41 App. Div. 389; *Livingston* v. *Pettigrew*, 7 Lans. 405, 410; *Schmittler* v. *Simon, supra*, at p. 184.)

Plaintiff is entitled to judgment accordingly against the defendant served.

Settle decision on notice.