## HORACE ADAMS *versus* SYLVANUS GRAVES *et al.*

In trover against two defendants, jointly, for a horse hired of the plaintiff to go to a certain place, it is competent for the defendants to prove, that by a contract between them, one was to carry the other to such place as a passenger, there being no direct evidence of any express hiring by the latter.

A deposition taken under a commission directed, in the common form, to any justice of the peace, &c. is admissible in evidence, although it does not appear, that the person before whom the deposition was taken was a justice of the peace, otherwise than by his signature upon the deposition.

*It seems*, that where a commission to take depositions, is directed to a person by name, it is immaterial whether he has any official character or not, as he would have sufficient authority to take the depositions, from the commission itself.

TROVER for two mares. At the trial, in the Court of Common Pleas, before *Williams* J., the plaintiff offered evidence tending to prove that the two defendants, Graves and Clapp, hired of the plaintiff the mares in question, together with a wagon, to go to Hinsdale in New Hampshire ; that they drove the mares to Chesterfield, a town seven miles beyond Hinsdale ; and that on their return the mares were much injured.

The defendants contended, that the mares were hired by Clapp alone ; that Graves was a mere passenger, and not responsible in any event ; and that by the original contract, the mares were to go to Chesterfield.

There was no direct evidence of any express hiring by Graves ; and the defendants offered in evidence the testimony of two witnesses, which tended to prove, that on the day previous to the departure of the defendants for Chesterfield, Clapp agreed with Graves to carry him and his wife to Chesterfield for seven dollars.

The plaintiff objected to the admission of this testimony, unless it should be shown that the knowledge of this fact had been communicated to him. But the objection was overruled and the testimony admitted.

The defendants also offered in evidence the deposition of Hannah Fiske, taken by virtue of a commission in the common printed form, directed " to any justice of the peace, &c. in New Hampshire." The plaintiff objected to the admission of this deposition, because, as he contended, it did not appear, that Larkin G. Mead, before whom the deposition was taken,

Adan.s
v.
Graves.

was a justice of the peace, and it was incumbent on the defendants to show that fact by other evidence than the signature ol Mead himself, upon the deposition. This objection also was overruled, and the deposition admitted.

The jury returned a verdict in favor of both defendants, and the plaintiff thereupon excepted to the rulings of the Court

*Oct. 1st.*　　R. A. Chapman and Ashmun, for the plaintiff, as to the first objection, cited *Merrill* v. *Sawyer*, 8 Pick. 397 ; *Jacobs* v. *Putnam*, 4 Pick. 108 ; *Carter* v. *Gregory*, 8 Pick. 165 ; *Allen* v. *Duncan*, 11 Pick. 308.

I. C. Bates and C. A. Dewey, for the defendants, as to the first objection, cited *Rice* v. *Bancroft*, 11 Pick. 469 ; *Boyden* v. *Moore*, 11 Pick. 362 ; *Allen* v. *Duncan*, 11 Pick. 308 , and as to the second, *Clement* v. *Durgin*, 5 Greenl. 9.

SHAW C. J. afterwards drew up the opinion of the Court. There being no evidence of a hiring by the defendant Graves, we think it was competent for him, in an action charging him as a wrong-doer, jointly with the defendant Clapp, to explain his apparent connexion with the latter, by proving that he was a passenger only. Besides, in the event, this fact became immaterial, there being a verdict in favor of both defendants.

The Court are also of opinion, that the deposition was rightly admitted. By the Rule of Court, (old Rules, 11, in Metcalf's Dig. 306 ; new Rules, 6,) where a deposition is taken under a commission directed to any justice, &c. the certificate of execution on the return of such commission, by a person professing to act as such magistrate, shall be *primâ facie* evidence of his official character, and the burden of proof shall lie on the party objecting. The argument in support of the objection in the present case is, that this rule applies only to cases where the commission is addressed to some particular justice of the peace or other officer by name. This we think is not a sound construction of the rule. Where the commission is directed to a person by name, it is immaterial whether he has any official character or not ; he would have sufficient authority to take the deposition from the commission itself. Such it is believed has been the practice under these rules, both here and in Maine. *Clement* v. *Durgin*, 5 Greenl. 9.

*Exceptions overruled, and judgment of the Court of Common Pleas affirmed*