THOMAS H. GROVES, Appellant, *v.* JOHN L. ACKER and Others, Respondents.

*Direction of a verdict — withdrawal of a request therefor, after its denial — specific signatures which bind an association, not the individuals.*

Where at the close of the trial of an action the plaintiff asks for the direction of a verdict in his favor, which is denied and an exception is taken, and the defendant then moves for the direction of a verdict in his favor, which, over the plaintiff's objection and exception, is granted, and the plaintiff thereupon asks leave to withdraw his motion for the direction of a verdict and to be permitted to go to the jury upon all the questions in the case, and does not ask that any specific questions of fact be submitted to the jury, the refusal of such request is not erroneous.

Where each of the parties to an action respectively requests the direction of a verdict in his favor, the questions of fact involved are thereby submitted to the consideration and decision of the court.

Where an agreement is signed by the officers of an association in their individual names, with the addition of the name of the office held by each after his name, and the person with whom such agreement is made is fully aware of the character in which such officers assumed to act, the agreement is that of the association and not the individual agreement of its officers.

APPEAL by the plaintiff, Thomas H. Groves, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Monroe on the 20th day of September, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Monroe Circuit dismissing the plaintiff's complaint.

*David Hays*, for the appellant.

*John Desmond*, for the respondents.

LEWIS, J. :

This action was brought to recover of the defendants moneys deposited by the plaintiff with the Brown Street and Jefferson Avenue Dime Permanent Savings and Loan Association, a domestic corporation located in the city of Rochester. The amount claimed in the complaint was upwards of $14,000, but the amount which the plaintiff, upon the trial, claimed to recover was the sum of $5,000.

At the close of the evidence plaintiff's counsel asked for a direction of a verdict in his client's favor for the sum of $5,000. His

motion was denied, and he duly excepted. Defendants' counsel then moved for the direction of a verdict for the defendants. This motion was granted, and the plaintiff duly excepted. Plaintiff's counsel thereupon asked leave to withdraw his motion for a direction of a verdict, and to be permitted to go to the jury upon all the questions in the case. His motion was denied. He did not ask to have any specific questions of fact submitted to the jury. It was not, therefore, error to refuse his request. (*Mayer* v. *Dean*, 115 N. Y. 556.) The parties having requested the direction of a verdict in their favor respectively, the questions of fact were for the consideration and decision of the court.

It was established by the evidence that the plaintiff had on deposit in a bank in the city of Rochester a considerable sum of money which was drawing only four per cent interest. The defendants, with others, were directors of the loan association mentioned. The defendant Speiss being informed that the plaintiff had money in a bank and that it was drawing but four per cent interest, suggested to him that if he would loan some money to the association he would obtain a much larger rate of interest. He informed him that the association was paying to its subscribers over sixteen per cent annually upon its shares, and that it would be to his interest to withdraw his money from the bank and loan it to the association. By arrangement, the plaintiff met the directors of the association at a meeting held on the 3d day of January, 1888, and the plan of the business of the association was explained to the plaintiff by the directors.

The plaintiff concluded to loan $5,000 to the association, and thereupon, in the presence of the plaintiff, the following resolution was adopted by the board of directors: "On motion of John A. Spiess it was agreed to accept the loan of $5,000 from Thomas H. Groves at four per cent per annum until our next quarter. He shall, however, withdraw loan at any time in cash or association notes not to exceed three months, with interest. At end of present quarter, if loan is not withdrawn, dividends shall be allowed as on ordinary stock."

Plaintiff had informed the directors that he might desire to withdraw the money for use if he should engage in business. He paid into the association $5,025 and was given a pass book such as is furnished subscribers to the shares of the association.

It appears from an entry in his pass book, dated on the day the money was advanced, that the plaintiff had subscribed for 500 shares of the stock of the association. He was credited with having paid the $5,000, and the further sum of twenty-five dollars, that being the entrance fee on 500 shares, according to the regulations of the association. The plaintiff having suggested, as stated, that he might desire to withdraw the money, there was written upon the last page of his pass book an agreement upon which he relies to sustain his cause of action. The agreement was signed by the defendants and delivered to the plaintiff, and is as follows:

" We, the undersigned, officers of the Brown Street and Jefferson Avenue Dime Permanent Savings and Loan Association of Rochester, N. Y., hereby agree with Thomas H. Groves that we will pay him interest at the rate of four per cent per annum on $5,000.00 paid by him into the treasury of said association until the first day of March next, and also agree to pay him the cash, on withdrawal or a well-indorsed note for not over three months, with use.

" ROCHESTER, *January 3rd,* 1888.

> " JOHN L. ACKER, *President.*
> " FRANK HORN, *Vice-Pres.*
> " JOHN P. SMITH, *Secretary.*
> " JOHN A. SPIESS, *Treasurer.*"

It is the contention of the plaintiff that this contract was the individual obligation of the defendants; that they had no authority to, and did not intend to, and did not, in fact, execute it as a corporate obligation, and that, having called upon the society for his money and it not being paid, he was entitled to recover of the defendants personally under this agreement.

The $5,000 was allowed by the plaintiff to remain with the association, without notice of withdrawal, until the year 1893. He made other deposits with the association from time to time, aggregating $5,520. He was duly credited in his pass book with dividends on his shares amounting in all to $3,740.48. No distinction was made in the entries in the pass book between these various deposits.

At the close of the first quarter, March 1, 1888, the association paid to plaintiff $33.33. This was interest upon the $5,000 at the rate of four per cent per annum.

Letters from the plaintiff to the association were read in evidence which tended to show that he understood that his dealings were with the association and not with the defendants personally. The articles of association of the company provided that persons loaning money to the company might withdraw the same upon giving written notice of such intention. The plaintiff directed a notice to the secretary of the association on the 3d day of February, 1893, of his desire to withdraw the sum of $10,000, giving as a reason that he was about to open a store. He stated in the notice as follows: " My agreement with the association was that at any time I needed money, if the association did not have it, they would give me the association's note for two (2) or three (3) months, with interest, so I could use them at once. It is written in the back of my pass book, as you will remember," etc. At the time this notice was réceived, there were other applications for withdrawals on file.

The articles of association provided that applications for withdrawals of money should be numbered and paid in the order in which they were received.

The association neglected to respond at once to plaintiff's call, and he commenced this action against the defendants.

The evidence fairly established that the plaintiff was aware when he loaned the money that the defendants were acting as the representatives of the association. There was no reason, so far as appears, why the defendants should assume any personal responsibility in the matter. They were directors and officers of the company, but they had no other interest in its affairs that was not common to all of the shareholders. In signing the instrument the defendants affixed the title of their offices to their signatures. There was no occasion for their so doing if they were to become personally liable. The resolution consenting to take the money is quite significant. Reading the resolution and the agreement together, it is quite apparent that the parties intended to provide that the plaintiff should be at liberty to withdraw his money at any time prior to the first of March following without the formality of giving a written notice, but if he permitted it to remain with the association, thereafter he was to be subject to the rules and regulations of the association as to the manner of its withdrawal. The only reasonable inference to be drawn from the evidence is that the plaintiff in loaning

his money and in receiving the contract, understood that he was dealing with the association, and that the defendants in executing the contract, did so in their official capacity without intending to be liable personally. The power to borrow money was given to the association by the statute under which it was organized. It could also obtain money by issuing shares of stock to its members, and receiving dues thereon.

The following authorities sustain the construction given to this instrument by the trial court: *Mott* v. *Hicks* (1 Cow. 513); *Babcock* v. *Beman* (11 N. Y. 200); *Bank of Genesee* v. *The Patchin Bank* (13 id. 309); *Same* v. *Same* (19 id. 312); *Casco N. Bank* v. *Clark et al.* (139 id. 307).

The fact that the plaintiff was fully aware of the character in which the defendants assumed to act, distinguishes, we think, this case from the authorities to which we are referred by the plaintiff's counsel.

The judgment appealed from should be affirmed.

DWIGHT, P. J., and BRADLEY, J., concurred.

Judgment affirmed.