BUSH v. GILMORE et al.

(Supreme Court, Appellate Division, Third Department. November 15, 1899.)

1. BILLS AND NOTES—EXECUTION—INDIVIDUAL LIABILITY.

Defendants signed a note reading, "We promise to pay, * * *"
with the words "President" and "Secretary," respectively, of a certain cor-
poration, after their names. Defendants denied liability as individual
makers, proving the existence of a corporation of that name, of which they
were, respectively, president and secretary, and by which they were directed
to make its note, and intended so to do, and that the consideration went
to the corporation, all of which facts the holder knew on receipt of the
note. The holder testified that he distinctly refused the note of the cor-
poration, but consented to take the individual note of defendants, who there-
upon executed the note in question. Held, that the jury's finding that the
note was the individual note of defendants was supported by the evidence.

2. BILLS AND NOTES—LIABILITY OF INDORSERS—WAIVER OF PROTEST.

Where the holder of a note was requested by the indorsers to delay suit
thereon after the note became due, such indorsers cannot take advantage
of a failure to serve notice of protest within the time required by law.

Appeal from trial term, Delaware county.

Action by Mary Bush, as executrix of the estate of John E. Bush,
deceased, against John Gilmore and another, as executors of the
estate of William Gilmore, deceased, and others, impleaded with
Jacob O. Brazee. From a judgment for plaintiff, and from an order
denying a new trial, defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

Crosby & Palmer and Wagner & Fisher, for appellants.
C. L. Andrus, for respondent.

LANDON, J. The action is upon a promissory note held by the
plaintiff, as executrix of the last will and testament of John E. Bush,
deceased, the original holder thereof. The note is in these words:

"Hobart, N. Y., July 29, 1890.

"For value received, we promise to pay to the order of William Gilmore, A.
G. Silliman, Clayton Weeks, and J. Brazee two thousand dollars, with interest
as follows: With interest from the date hereof on the first day of October,
1890. Then the annual interest on all unpaid sums on the first day of October
in each and every year for four years. Then all unpaid principal, with inter-
est, on the first day of October, five years from October first, 1890. The
payors have the privilege of paying the whole or any part of the principal sum
at any time they may desire. Payable at the National Bank of Stamford.

"W. Gilmore,
"President.

"D. C. Sharpe,

"Secretary of the Hobart Agricultural Horse and Cattle Show Association."

Indorsed: "Wm. Gilmore. A. G. Silliman. Clayton Weeks. J. O. Brazee."

Brazee does not defend. The appellants allege as a defense that
the note is not an individual note, and that the plaintiff's testator,
who died after the trial, failed to make due protest thereof upon
default in payment.

Upon its face, without extrinsic evidence, the note is the individual
note of the two makers. No reference is made in the body of the
note to the corporation as a promisor, and the addition after the

signature "W. Gilmore" of the word "President," and after the signature of D. C. Sharpe of the word "Secretary," followed by the words "of the Hobart Agricultural Horse and Cattle Show Association," does not convey any positive information that such an association, if it exists, is making the promise, while it does appear that the individual signers, who thus identify and describe themselves, do make the promise. Dewitt v. Walton, 9 N. Y. 571; Bank v. Clark, 139 N. Y. 307, 34 N. E. 908; Bank v. Wallis, 84 Hun, 376, 32 N. Y. Supp. 382. But the descriptive words following the signatures of the makers suggested the possibility that the Hobart Agricultural Horse & Cattle Show Association might have intended thereby to make the promise, and, as the action is between the original parties to the note, it was competent for the defendants to show that there was a corporation of that name; that the makers were its president and secretary; that the corporation had the benefit of the consideration; that the makers were authorized to make the note as the act of the corporation, and intended to do so; and that the plaintiff's testator at the time he received the note knew these facts, and took the note with the understanding that the corporation was its maker. Such evidence would not contradict the note, but would give further and permissible meaning to the addendum to the signatures of the makers, and tend to show that such addendum was made as the corporate execution of the note, and so understood by both parties to it. Bank of Genesee v. Patchin Bank, 19 N. Y. 312; Groves v. Acker, 85 Hun, 492, 33 N. Y. Supp. 406; Hood v. Hallenbeck, 7 Hun, 362; Morrill v. Manufacturing Co., 32 Hun, 543; Brockway v. Allen, 17 Wend. 40; Schmittler v. Simon, 114 N. Y. 176, 186, 21 N. E. 162. The evidence adduced for this purpose established all the facts last referred to, except whether the note was intended by the makers to be their individual note, or the note of the corporation. Upon this question the plaintiff's testator adduced evidence tending to show that he distinctly refused to take the note of the corporation, but consented to take the individual note of the makers, and that thereupon the makers agreed to give their individual note, and accordingly gave the note in suit. The jury found, in answer to the specific question submitted to them by the trial court, that such was the fact. We see no cause to disturb this finding as a matter of fact, and certainly none as a matter of law. As the defendants were entitled to adduce extrinsic evidence tending to show that the addendum to the signatures of the makers was the corporate expression of a corporate act, and was given and received as such, the plaintiff's testator was entitled to controvert such evidence, and fortify his contradiction by affirmative evidence of its individual character. The result of the finding of the jury is that the personal liability of the makers, indicated solely by its face, is not changed by the extrinsic evidence.

The next question is as to the liability of the individual indorsers. The note fell due October 1, 1895, and notice of protest was not served until October 8th, following. If Gilmore was an individual maker, no notice of demand and nonpayment was necessary as to him. Hills v. Place, 48 N. Y. 520. The jury, by their answers to

specific questions submitted to them by the court, found that Sharpe, one of the makers, but not an indorser, at the request of Silliman and Weeks, two of the indorsers, and pursuant to a conversation with Alice Gilmore, one of the executors of the maker and indorser Gilmore, in which she said that she would do as the other indorsers did (she having been told of the proposed request), did on October 2, 1895, ask the plaintiff to wait three or four days, and tell him that, if he would wait, the note would be fixed up, and that the plaintiff refrained from demanding payment because of such request. There is sufficient evidence to support this finding. Thus the indorsers, knowing that the note was within at least two days of maturity, and, we may assume, knowing that default would be made in its payment, and the holder would take the necessary steps to fix their liability as indorsers, sent their messenger to him to ask him to wait three or four days, and to promise him that, if he would so wait, the note would be fixed up; and the holder consequently waited the three or four days, and, fearing to wait longer, protested the note, and served the indorsers with notice. It is not a case where the indorsers can say that no notice was given. The question is whether the notice that was given was given promptly enough, under the circumstances of this case. The holder had the right to infer from the request and promise of the indorsers that they waived, for at least three or four days, notice of demand and nonpayment. As the indorsers in effect procured the delay, they cannot take advantage of it to the prejudice of the holder of the note. Sheldon v. Horton, 43 N. Y. 93; Leonard v. Gary, 10 Wend. 506; Bruce v. Lytle, 13 Barb. 163; Hunter v. Hook, 64 Barb. 475.

The judgment and order should be affirmed, with costs. All concur.