CONANT et al. v. AMERICAN RUBBER-TIRE CO.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

1. CORPORATION—CONTRACT—EXECUTION BY OFFICER.

 A corporation is bound by a contract executed by one of its officers by signing his own name, and adding thereafter the title of the corporate office which he holds, if, as a matter of fact, he was authorized to make the contract, and it related to the business of the corporation, and was given and received as the act of the corporation.

2. SAME—AUTHORITY OF AGENT—QUESTION FOR JURY.

 In an action on a contract for advertising in plaintiff's magazine for two years, the president of the defendant corporation testified that one who signed it on behalf of the corporation was merely an employé, and acted in a limited capacity as manager; that the employé had no authority to make the contract sued on; that, in making certain payments under the contract, he had supposed that the contract was for monthly advertising; and that he and the corporation repudiated it as soon as he learned its conditions. *Held*, that it was a question for the jury whether the contract was within the scope of the employé's authority.

Appeal from trial term, Madison county.

Action by Charles C. Conant and another against the American Rubber-Tire Company. From a judgment in favor of plaintiffs, entered on a verdict directed by the court, defendant appeals. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, and KELLOGG, JJ.

Chas. W. Stapleton, for appellant.
Chas. F. McLindon, for respondents.

MERWIN, J.  The defendant is a domestic corporation, organized in August, 1895, under the name of the Columbia Pneumatic Wagon-Wheel Company.  In 1896 its name was duly changed to the American Rubber-Tire Company.  The plaintiffs are the successors in interest of Conant & Randall, who in 1895 were doing business at Troy under the name of the Journal Publishing Company, and were publishing once a month the Carriage & Harness Dealers' Journal.  It is claimed by the plaintiffs that on the 20th September, 1895, a written contract was made between the Journal Publishing Company and the Columbia Pneumatic Wagon-Wheel Company, by which, in substance, the wheel company had the right to advertise in the Carriage & Harness Dealers' Journal to the extent, in the aggregate of 12 pages, to be used at any time ordered by the wheel company within two years from the date of the first insertion; in space, from one-fourth to a full page; the first insertion to go in November or December issue,—in consideration of which the wheel company agreed to pay the publishing company the sum of $360, payment to be made quarterly.  This action was commenced June 26, 1897.  It is alleged in the complaint that the plaintiffs or their predecessors have performed on their part the contract, or have been ready and willing and have offered to perform; that there was paid on said contract by defendant in April, 1896, the sum of $45, and in December, 1896, the sum of $40, and that there remained due and unpaid thereon the sum of $185, for which sum judgment was demanded.  The defendant in its answer denied that it ever made the contract claimed by the plaintiffs, and that whatever advertising the plaintiffs had done for the defendant had been fully paid for.

At the trial it appeared that the contract under which the plaintiffs claimed to recover was signed, "J. F. Aldrich, Mgr. Columbia Pneumatic Wagon-Wheel Co."  It did not in terms purport to be the contract of the corporation.  The advertisement to be inserted was described as "our advertisement," and it was stated that "we will pay" the price named.  It is claimed by the defendant that the contract is only the individual contract of Aldrich.  Still, if Aldrich was in fact authorized by the corporation to make such a contract, and it related to the business of the corporation, and was given and received as the act of the corporation, the form of the contract would not, of itself, within the authorities, relieve the defendant from liability.  Morrill v. Manufacturing Co., 32 Hun, 543; Bank of Genesee v. Patchin Bank, 19 N. Y. 312; Bush v. Gilmore, 45 App. Div. 89, 61 N. Y. Supp. 682.

The main question at the trial was whether the defendant was bound by the contract, either by reason of Aldrich having authority to make it in behalf of the defendant, or by reason of ratification by the defendant after having full knowledge of its contents.  The plaintiff called as a witness the president of the defendant.  He testified that Aldrich was an employé, but not an officer, of the defendant; that he acted in a limited capacity as manager,—his duties being to solicit orders, oversee workmen and shipments, and make such little purchases as might be necessary to run the business from

day to day,—but that he had no authority to make a contract like the one in controversy, and was expressly prohibited from making such a contract; that he (the witness) was himself the manager of the defendant; that, in making certain admitted payments to the plaintiffs for advertising, he did it upon the supposition that there was a contract simply for monthly advertising, and without any knowledge of any contract, as claimed by plaintiffs, extending over a period of two years, and for a fixed sum for the whole; that, as soon as he learned of the contract claimed by the plaintiffs, he and the corporation repudiated it; and that whatever advertising had been done by the plaintiffs up to that time by the order of the defendant was paid for. Further evidence was given on the question of ratification. At the close of the evidence it was held by the court that the contract was within the apparent scope of the authority of Mr. Aldrich as manager of the defendant, and that the defendant was bound by it. Upon this basis a verdict was ordered for the plaintiffs. The contract in question was made soon after the organization of the defendant. What knowledge or information the plaintiffs or their predecessors then had of the authority, actual or apparent, of Aldrich, or of the acts of the corporation in regard to him, does not appear. One Comstock represented the Journal Company in making the contract, and he was not called as a witness. Nor was Aldrich called as a witness. It does not appear that Aldrich had ever made, in behalf of the defendant, such a contract before. "A principal is only bound by an act of his agent, in excess or abuse of his actual authority, where a third person, believing and having a right to believe that the act was within the authority, has acted, or refrained from acting, in reliance thereon, and would sustain damage if the act of the agent was not considered that of the principal." Walsh v. Insurance Co., 73 N. Y. 5. The principal is responsible only for that appearance of authority which is caused by himself, and not for that appearance of conformity to the authority which is caused only by the agent. Edwards v. Dooley, 120 N. Y. 540, 551, 24 N. E. 827. The trial court erred, we think, in holding, as matter of law, that the defendant was bound by the contract. The question of ratification was concededly a question of fact for the jury. Ordinarily the question whether a certain act is within the general scope of a servant's employment is for the jury to determine. Mott v. Ice Co., 73 N. Y. 543, 550. The evidence in this case was not sufficient for the court to hold, as matter of law, that the contract was within the apparent scope of the employment of Aldrich. The fact that the company or its president may have been willing to recognize a contract by him for advertising from month to month would not justify the contract in question.

Judgment reversed, and new trial granted; costs to abide the event. All concur.