tained, so that the defendant negligently and carelessly permitted the window and its appliances to become defective, worn, and rotten, and otherwise out of repair, so as to be dangerous to life, limb, and person, and that the time of the accident should be stated. The showing of the plaintiff that she cannot now "give the specific defects of the window," if thereby she intends to state that she is ignorant to the extent that she cannot in advance of the trial give such intimation as the bill requires, is no reason for withholding the bill. For a plaintiff who does not rely upon the doctrine of res ipsa loquitur is bound to establish a prima facie case of negligence; if he cannot show how he expects to establish his case, how can he recover in the action? See O'Hara v. Ehrich (Super. N. Y.) 11 N. Y. Supp. 52.

The order should be reversed, with $10 costs and disbursements, and the motion should be granted to the extent indicated in this opinion. All concur.

---

### FOX v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. APPEAL—ASSUMPTION AT TRIAL—OBJECTION NOT MADE BELOW.
    Where it was assumed on the trial without objection that a certain person had authority to make a contract for defendant, the correctness of the assumption cannot be questioned for the first time on appeal.

Appeal from Trial Term, Westchester County.

Action by Ned R. Fox against the New York Central & Hudson River Railroad Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

George H. Walker, for appellant.
John W. Ingram, for respondent.

WILLARD BARTLETT, J. In this action the plaintiff has recovered a verdict against the defendant for the value of the services of his assignor, rendered by him as a real estate broker in effecting the sale of certain lands belonging to the defendant in the city of New York. The questions litigated upon the trial were, first, whether there was any employment of the broker, and, secondly, whether the broker was the procuring cause of the sale. These questions were submitted to the jury in a clear and impartial charge, to which the defendant's counsel took no exception. The evidence was conflicting on both issues; but, after reading it all through as presented in this record, I am unable to agree with the learned counsel for the appellant that it is not sufficient to sustain the verdict. The negotiations of the broker were conducted with Mr. Ira A. Place, the general attorney of the New York Central & Hudson River Railroad Company. The broker testified without objection that Mr. Place had charge of the property of that corporation. It is now contended for the first time—the point not having been suggested upon the trial

—that there was no proof that Mr. Place had authority from the defendant to negotiate the sale of the premises and to employ brokers to find a purchaser therefor. The record clearly indicates, however, that the fact that Mr. Place possessed such authority was assumed throughout the trial. The learned judge who presided charged the jury, among other things, as follows: "Now, there is the statement of the plaintiff. Did Mr. Place say to the plaintiff, 'We will not lease, but get a purchaser?' If he did, there was an employment to get a purchaser, and that would imply that he was to have his commission. If you say to a broker, 'Get me a purchaser for my property,' that is an employment. So, if that was substantially said, there would be an employment." As has already been stated, there was no exception to the charge in behalf of the defendant, and its counsel must therefore be deemed to have acquiesced in the proposition involved in the language which has been quoted from the charge that an employment by Mr. Place was an employment by the defendant corporation. When a fact is thus assumed upon a trial, the appellant is not entitled to a reversal on the ground that the assumption was erroneous, where it is clear that he has acquiesced therein. Hill v. Heermans, 17 Hun, 470, 473, and cases there cited. The correctness of an assumption made by court and counsel upon a trial cannot be disputed upon appeal where no question in reference thereto was raised upon the trial, and no request made to submit the case to the jury on any theory questioning its correctness. Wilson v. Rocke, 58 N. Y. 642. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.