VAN NORDEN TRUST CO. v. L. ROSENBERG, Inc., et al.

(Supreme Court, Appellate Term.  February 15, 1909.)

1. CORPORATIONS (§ 466*)—NOTES—INDORSEMENT—SUFFICIENCY.

The treasurer of a corporation, authorized to pledge its credit and sign notes on its behalf, who indorsed on a note the name of the corporation, followed by his own name, bound the corporation, though the office of the treasurer was not designated in the indorsement.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1829; Dec. Dig. § 466.*]

2. CORPORATIONS (§ 48*)—NOTES—INDORSEMENT—SUFFICIENCY.

The variance between the name of a corporation "L. Rosenberg, Incorporated," and the indorsement of a note, "Louis Rosenberg, Inc.," is harmless, and does not defeat the intention of the officer of the corporation, indorsing the note on its behalf, to bind it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 136; Dec. Dig. § 48.*]

3. CORPORATIONS (§ 466*)—NOTES—INDORSEMENT—SUFFICIENCY.

The form, in an indorsement of a note, of the name of a corporation is immaterial, where the corporation intended to be bound thereby, and

―――――――

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

114 N.Y.S.—65

especially where it received the benefit of the transaction with full knowledge.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1829; Dec. Dig. § 466.*]

4. CORPORATIONS (§ 414*)—NOTES—INDORSEMENT—SUFFICIENCY.

A treasurer of a corporation, authorized by its board of directors to pledge its credit and to sign, indorse, accept, make, execute, and deliver all notes on its behalf, has authority to indorse a note on its behalf and bind it thereby.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1644: Dec. Dig. § 414.*]

5. BILLS AND NOTES (§ 360*)—"HOLDER FOR VALUE."

Where the holder of a note for $2,000 surrendered it after a payment of $500 and accepted a new note for $1,500, executed by the makers and indorsed by a corporation, the holder of the new note was a "holder for value," within Negotiable Instruments Law (Laws 1897, p. 727, c. 612) § 52, providing that, where value has been given for an instrument, the holder is deemed a holder for value.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 793; Dec. Dig. § 360.*

For other definitions, see Words and Phrases, vol. 4, p. 3320.]

6. CORPORATIONS (§ 432*)—INDORSEMENT OF NOTES—AUTHORITY.

In an action on a note indorsed by a corporation by its treasurer, who signed its name, followed by his own name, evidence *held* to justify a finding that the treasurer had authority to execute the note, not only for its own benefit, but for others, justifying a recovery.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1737; Dec. Dig. § 432;* Bills and Notes, Cent. Dig. § 1825.]

7. CORPORATIONS (§ 426*)—NOTES—INDORSEMENT—RATIFICATION.

Where the treasurer of a corporation indorsed a note in the name of the corporation, and, after having consulted with the other officers, directors, and stockholders, made a part payment on the note, based on the act of the stockholders, the act of the treasurer in indorsing the note was ratified, and the corporation could not question his authority.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1710–1715; Dec. Dig. § 426.*]

8. APPEAL AND ERROR (§ 173*) — DEFENSES IN LOWER COURT — NECESSITY OF MAKING—ACCOMMODATION INDORSEMENT.

The defense that the indorsement of a note by a corporation was for the accommodation of the makers thereof cannot be raised for the first time on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1113; Dec. Dig. § 173.*]

Appeal from City Court of New York, Trial Term.

Action by the Van Norden Trust Company against L. Rosenberg, Incorporated, and others. From a judgment on the verdict for plaintiff, and from an order denying a new trial, defendant L. Rosenberg, Incorporated, appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Firestone & Silver, for appellant.

Parsons, Closson & McIlvaine (Edward C. Sperry and William E. Carnochan, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIEGERICH, J.  The action is upon a promissory note, dated September 27, 1907, made to their own order by the defendants Lazarus Perelson and Louis Rosenberg, constituting the copartnership of Perelson & Rosenberg, for the sum of $1,500, payable on demand at the Van Norden Trust Company, No. 420 Grand street, borough of Manhattan.

The complaint alleges that the defendants Perelson and Rosenberg and the defendant L. Rosenberg, Incorporated, a domestic corporation, indorsed and delivered the note in suit to the plaintiff for the purpose of giving credit thereto with the plaintiff, and each with the intent to charge himself or itself as an indorser thereon, and each for value received by him or it; that the plaintiff, upon the credit of such indorsements of the note, gave value therefor, which was received by or inured to the benefit of the defendants, and each of them; and that the plaintiff is the owner and holder of the note in question.  The complaint further alleges the payment by the defendants Perelson and Rosenberg of $200 on account of the note, and the application by the plaintiff of the sum of $562.01, then standing on its books to the credit of the defendant corporation, to the payment of the amount then due and owing on the note in controversy.

The individual defendants were, as above shown, sued both as makers and indorsers.  The defendant corporation was sued as an indorser, and it alone defended.  By its answer the defendant corporation, after admitting that it is a domestic corporation and denying any knowledge or information sufficient to form a belief as to the truth of the other allegations of the complaint, alleges, as a separate defense, the pendency of an action "wherein L. Rosenberg, Incorporated (defendant herein), is the plaintiff, and the Van Norden Trust Company (plaintiff herein) is the defendant," to recover the moneys so on deposit with the plaintiff and applied by it to the credit of said defendant corporation, which moneys the latter alleges are its property, and that the plaintiff refused to repay the same, although duly demanded.

The jury rendered a verdict in favor of the plaintiff, and the defendant corporation, bringing on the appeal taken from the judgment entered thereon, urges, among other grounds for reversal, that the indorsement on the note upon which it is sought to be held liable was not made by it.

The note contains, among other indorsements, that of "Louis Rosenberg, Inc.," and underneath is written the name of the defendant "Louis Rosenberg"; and the defendant corporation urges that, since its proper name is "L. Rosenberg, Incorporated," and that since neither the word "treasurer" nor any other name designating the office of the person making the alleged indorsement of the corporation appears, such indorsement is not its corporate indorsement.  It is undisputed that, when the indorsement was made, Louis Rosenberg, the person who so wrote the name of the corporation and his own underneath, was the treasurer of the defendant corporation.  It also appears from the evidence that at a meeting of the board of directors of the defendant corporation, held on March 27, 1907, the said Louis Rosen-

berg was elected its treasurer, at which meeting a resolution was adopted:

"That Louis Rosenberg, the treasurer of the company, be and he hereby is instructed and empowered to open and keep an account of deposit and discount with the Van Norden Trust Company, of the city of New York, in the name and for the use of the company, to deposit in the said bank to the credit of this company from time to time any and all moneys, checks, drafts, notes, acceptances, or other evidences of indebtedness (whether belonging to this company or otherwise) which may now be or which may hereafter come into its possession, and in the name of this company to withdraw by checks the same or any part of the proceeds thereof, to pledge the credit of this company as the said treasurer may from time to time find necessary or convenient, and for these and all other purposes to sign, indorse, accept, make, execute, and deliver any and all checks, notes, drafts, and bills of exchange on behalf of the company."

The counsel for the appellant has not referred us to, nor are we aware of, any authority whch prescribes any particular form of signature in order to bind a corporation. That the agent who makes the signature need not add his own name after that of the corporation was explicitly said in Youngs v. Perry, 42 App. Div. 247, 59 N. Y. Supp. 19. That such a variation from the correct corporate name as we have in this case would be harmless is, we think, manifest without argument or authority. We have the full name, "Louis," intead of the initial, "L.," and the abbreviation, "Inc.," instead of the complete word, "Incorporated." If the signature was intended to be that of the corporation, the variance is ineffectual to defeat that intention. Indeed, there are cases where it has been held that the signature of a person describing himself as an officer or an agent of a corporation will in fact bind the corporation, if it was so intended. ' Conant v. American Rubber Tire Co., 48 App. Div. 327, 62 N. Y. Supp. 972, and cases cited.

The form of the indorsement is therefore immaterial, where it is apparent that the company intended to be bound thereby, and especially where, as hereafter shown, the defendant corporation did receive the benefit of the transaction with full knowledge. 10 Cyc. 1027. The plaintiff's manager testified upon the trial that the indorsement in question was added after he had told the defendant corporation's treasurer that he wanted its corporate signature on the note to add additional strength to it. The latter denied that such a conversation was had, and testified that the former told him that he wanted such indorsement just as a matter of form, and that he, the defendant corporation's treasurer, thereupon told him that he had no power to bind the corporation, all of which the plaintiff's manager denied.

Upon the trial the defendant's counsel placed much emphasis upon the claim that the usual signature of the corporation was "L. Rosenberg, Incorporated, by Louis Rosenberg, Treasurer," whereas the indorsement upon the note was "Louis Rosenberg, Inc.," followed by the signature of Louis Rosenberg himself. The trial justice left it to the jury to determine whether the indorsement was made in the manner claimed by the plaintiff. As the jury, by its verdict, found this proposition in the affirmative, they must not only have deemed such discrepancy of no importance, but must as well have given credit

to the plaintiff's manager's version of the transaction as against that of the defendant's treasurer. That they were justified by the evidence in so doing there can be no doubt.

It may be well to note, in passing, that the appellant was referred to in the pleadings as "Louis Rosenberg, Inc.," and that counsel on both sides so called it during the trial, and, furthermore, that an order was made "amending all pleadings and proceedings in the above action, by changing the name 'Louis Rosenberg, Inc.,' to 'L. Rosenberg, Incorporated.'"

The appellant further insists that, although the indorsement may be in proper form, its treasurer had no authority to indorse the note sued on. As above shown, the resolution adopted by the defendant corporation on March 28, 1907, among other things, empowered its treasurer to pledge its credit and to sign, indorse, accept, make, execute, and deliver all notes on its behalf.

The plaintiff also proved upon the trial that the note in suit was given on account of an earlier note for $2,000, made by the defendants Perelson and Rosenberg and held by it, and that such note was surrendered after $500 had been paid on account thereof and the note in suit given for the balance. In surrendering the old note, the plaintiff parted with value, and the case is thus brought expressly within the terms of section 52 of the negotiable instruments law (Laws 1897, p. 727, c. 612). This section provides:

"Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who become such prior to that time."

It appears from the certificate of incorporation that the defendant corporation was formed for the purpose of acquiring and taking over "as a going concern the business now carried on at 5 Ludlow street, Manhattan, city and state of New York, under the name of L. Rosenberg, and all of the assets and liabilities of the proprietor of that business in connection therewith." Such certificate of incorporation further states that the incorporators were Louis Rosenberg, Herman Herzog, and Max Rosenberg, and it appears from the evidence that they were also the only directors and officers of the corporation, as as well as the holders of all its capital stock. It further appears from the evidence that the note of $2,000 was a liability of L. Rosenberg, that Max Rosenberg and Herman Herzog purchased the said business from him, and that they sold it to the corporation. The record does not disclose when such transfers were made, nor the consideration, if any, given therefor. The inference is therefore fairly permissible, from all this evidence, that when Louis Rosenberg indorsed the note in suit he had full authority to bind the defendant corporation. As heretofore shown, he denied that he had such authority; but the facts and circumstances proved upon the trial show that he had.

The appellant urges that the authority so conferred by the resolution of March 28, 1907, was to be exercised only for its benefit. But, even if this were so, the evidence shows that the entire transaction was for the benefit of those who constituted all the officers, directors, and stockholders of the defendant corporation, and, further, that after the

note was given a payment of $200 was made by a check of the corporation admittedly given with its authority, and, as Rosenberg testified, "to help out the corporation." The evidence, therefore, not only justified a finding that the indorsement was made for the benefit of the corporation; but such a finding was in fact made by the jury.

The trial justice, at the request of the defendant's counsel, charged the jury:

"That if they should find, from the authorization that Louis Rosenberg 'may pledge the credit of the company as such treasurer may from time to time find it necessary or convenient, and, for these and all other purposes, sign, indorse, accept, make, execute, and deliver any and all checks, notes, drafts, and bills of exchange on behalf of the company' is intended to mean for their benefit, that they must find for the defendant."

It must be presumed from the verdict of the jury that they found that such resolution authorized Louis Rosenberg to pledge the credit of the corporation, not only for its own benefit, but for others. Moreover, the part payment above referred to of $200, made on March 17, 1908, by the treasurer of the defendant corporation after consulting with the other officers, directors, and stockholders, constituted a ratification of the act of Louis Rosenberg in indorsing the note. Such ratification being based upon the act of all its stockholders, the corporation cannot now question. Martin v. N. F. P. Mfg. Co., 122 N. Y. 165, 172, 25 N. E. 303.

The defendant would therefore be estopped, even though such indorsement had been made for the accommodation of the makers of the note; but, as such defense was not pleaded, it cannot be urged for the first time on appeal. Archer v. City of Mt. Vernon, 171 N. Y. 639, 63 N. E. 714; Fox v. N. Y. Cent. & H. R. R. R. Co., 95 App. Div. 132, 88 N. Y. Supp. 519.

The judgment should therefore be affirmed, with costs.

GILDERSLEEVE, P. J., concurs in result. SEABURY, J., concurs.