[No. 3377.]

BUTCHER v. BUTCHER.

1. WILL CONTEST—*Depositions.* A will being presented for probate, the proponent in her petition prayed the removal of an administrator, already appointed. The removal of the administrator was denied, and an appeal taken to the district court from this order. Held that pending this appeal the county court might issue a commission to take the depositions of non-residents attesting witnesses to the will. The appeal pending in the district

court in no manner affects the jurisdiction of the county court over the proceedings for the probate of the will.

2. —— *Depositions—Construed.* An attesting witness examined upon commission deposed that he and the other attesting witness "subscribed the attestation clause," then before him. Held that his deposition in effect affirmed the truth of such attestation, and was therefore to be construed to import that as thereby asserted the testator was present.

3. —— *Attestation Clause—Effect.* The attestation clause of a will declaring that the will was subscribed and attested by the witnesses, in the presence of the testator and of each other, casts upon the contestant the burden of showing the contrary thereof. Such attestation is an implied statement that the testator was of sound and disposing mind.

4. —— *Right to Trial by Jury—Waiver.* Where each party requests the court to direct a verdict, the contestor failing to request the submission of any specific issue to the jury, after his request for a directed verdict is denied, waives his right.

Error can not be assigned upon the refusal of the court to submit the question to the jury upon the general issue.

5. —— *Directed Verdict.* Where there is no dispute in the evidence, and different conclusions are impossible, the court may direct the verdict. *In re Shell's Estate*, 28 Colo. 167, followed.

6. DEPOSITIONS—*Variance in Name of Witness.* In proceedings for the probate of a will a commission issued for the examination of "C. H. Sorrell," one of the attesting witnesses. The deposition returned was that of "Charles Henry Sorrell." It was proven that the witness examined was in fact the same person who attested the will. Held that a motion to suppress the deposition for this variance was properly denied.

7. —— *Official Character of Commissioner—Evidence Required.* A commissioner appointed to take the deposition of a non-resident witness thereby becomes an officer of the court from which the commission issues. No evidence that he is entitled to the official designation by which he is described in the commission, or of his authority to administer an oath, is required.

8. —— *Return—Signature of Commissioner.* A commission to take the deposition of a non-resident witness issued to "W. H. Moseley, Justice of the Peace." His signature to the certificate appended to the deposition returned, "W. H. Mosely, J. P., Commissioner." is sufficient.

9. —— *Residence of Witnesses.* An objection to a deposition that while the witnesses are described in the commission as residents of a city named, it appears by the deposition that such witnesses did not in fact reside at that city, but were merely engaged in business there, is properly overruled.

*Appeal from Denver County Court.* HON. GRANT L. HUDSON, Judge.

Messrs. FRANKLIN & TEDROW, for appellant.

Messrs. McKNIGHT & HENRY, for appellee.

KING, J., delivered the opinion of the court.

James W. Butcher died at Denver, Colorado, December 27th, 1905. January 24th, 1906, Perry K. Pratt was appointed administrator of the estate upon petition alleging that Butcher had died intestate, seized and possessed of certain real and personal property, leaving surviving him as his sole heirs four sons by his first marriage, residing in New York, and that a certain Lillian Butcher and two children, of Sydney, Australia, claimed to be, respectively, the widow and daughters of said Butcher by a second marriage. February 13th, 1907, Eliza T. Butcher, claiming to be the widow of said James W. Butcher, presented to the county court of said county a written instrument purporting to be his last will and testament, which was in words and figures as follows: to-wit:

"This Is The Last Will And Testament of me *James Walter Butcher* of Sydney in the Colony of New South Wales Merchant *After Payment* of all my just debts funeral and testamentary expenses *I give devise and bequeath All* real and personal property of or to which I may die seized possessed or entitled unto and to the use of my wife *Eliza*

*Twentymen Butcher* her heirs executors administrators and assigns'' absolutely *And I appoint* my said wife sole executor of this my will and guardian of my children. In Witness whereof I have hereunto subscribed my name this twenty-seventh day of January in the year of our Lord one thousand eight hundred and eighty.

J. W. BUTCHER.

Signed published and declared by the said *James Walter Butcher* the testator as and for his last will and testament in the joint presence of us who at his request in his presence and in the presence of each other have hereunto subscribed our names as witnesses.

F. E. MacKENZIE, Sydney.

C. H. SORRELL, Clerk, Sydney.''

together with her petition praying that the will be admitted to probate, that letters of administration theretofore issued to Pratt be revoked, and that letters testamentary issue to her upon the probate of the will, and pending the probate that she be appointed special administratrix to collect. Time for probate of said will was fixed by the court, due notice thereof given, and the petition for the removal of the administrator was denied, from which last named order appeal was taken to the district court. George C. Butcher, one of the heirs, filed his *caveat*, objecting to the probate of said writing as the will of said Butcher, deceased, alleging that said writing was not his last will or testament. While the appeal mentioned was pending in the district court, and undetermined, proponent prayed for and was granted commissions to take the depositions of C. H. Sorrell, surviving attesting witness to said will,

and two other persons to prove the handwriting of
F. E. MacKenzie, the other attesting witness, and to
prove his death, said depositions to be taken at Syd-
ney, Australia, and they were accordingly taken.
Contestor objected to the issuance of commission to
take depositions, because of the pendency of the ap-
peal, and after the same were taken and returned,
moved to suppress them, which was denied, and also
objected to the introduction of said depositions in
evidence, for the same reason, and for the reason
that the certificate of the justice of the peace to
whom the commission was directed was signed, as
commissioner, instead of justice of the peace, and
showed that the deposition of Charles Henry Sor-
rell instead of C. H. Sorrell was taken, which said
objections were overruled and to all of which ex-
ceptions were taken.

On the day set for hearing a jury was called
to try the issues made, and the testimony, consist-
ing of the depositions aforesaid, was offered in sup-
port of the will.  Contestor offered no evidence.
After said testimony was read, contestor moved for
nonsuit, which was denied, requested a directed ver-
dict in his favor, which was also denied; whereupon
proponent requested an instruction directing a ver-
dict supporting the will and judgment admitting the
same to probate, which motions were sustained. But
before the instructed verdict was rendered, con-
testor submitted a request for nine general instruc-
tions to be given to the jury, all of which were re-
fused and exceptions taken, but no request was made
by said contestor to submit to the jury any specific
question of fact.  Verdict was accordingly rendered
finding the said instrument to be the last will and

testament of the said James W. Butcher, deceased, and judgment was entered thereon admitting the will to probate and record, from which the contestor appealed to the supreme court. Council for appellant argues at length, and the court has considered all of the assignments of error, but specific mention and ruling will be made only with reference to the following:

1. The court did not err in issuing commissions to take depositions pending the appeal to the district court from the order refusing to remove Pratt as administrator, and refusing to appoint in his stead the executrix named in the will.. Such appeal in no manner affected the jurisdiction of the probate court over further proceedings as to the probate of the will.—Sec. 7254 Rev. Stat. 1908; 2 Woerner's Administration, Sec. 547, and cases therein cited.

2. The commission directed the deposition of "C. H. Sorrell", as subscribing witness, to be taken. The commissioner certified that pursuant to said commission he took the deposition of Charles Henry Sorrell "whose name is subscribed to the foregoing deposition." The name subscribed to the deposition and to the attestation clause of the will is "C. H. Sorrell." The witness testified that his name is Charles Henry Sorrell; that he signed his name as attesting witness to said will, which he fully identified. His original signatures to the attestation clause and to the deposition were before the trial court and are in this court for inspection. It is perfectly clear that the person whose deposition was taken and returned into court is the identical person whose deposition was intended to be taken, and named in the commission as aforesaid. The authori-

ties cited by counsel for appellant support their contention to the extent that it cannot be assumed as a matter of law, from inspection only, that "Charles Henry Sorrell and C. H. Sorrell designate the same person; but there are not to our knowledge any which hold, and there is no reason for holding, that where other evidence or circumstances identify the names so differing as the true name of the same person, such difference is fatal to the validity or sufficiency of any written instrument.

3. The commission was issued to W. H. Moseley, justice of the peace, as commissioner to take the depositions. He thereby became an officer of the court for that purpose, and no proof was required of his being a justice, or of his authority to administer oaths, or of his signature.—Weeks on Depositions, Sec. 189. His signature to the certificates, as follows: "W. H. Moseley, J. P., Commissioner," was sufficient.—*Adams v. Groves,* 35 Mass. 355; *Pollard's Heirs v. Lively,* 2 Grat. 216; *Brown v. Luehrs,* 79 Ill. 575.

4. The witnesses were described in the application for commission, and in the commission itself, as being residents of Sydney, New South Wales. The depositions showed that at the time they were taken the actual residence of said Sorrell and of one of the other witnesses was not in the city of Sydney, but that said witnesses were, and had been for many years, doing business in said city. The objection is purely technical, and it was not error in the court to overrule the same.

5. Objection is made that the witness Sorrell did not testify that he and McKenzie "attested said will in the presence of the testator." Said witness

did testify to every matter and element prescribed by Sec. 7088 Rev. Stat. 1908, as necessary to be shown upon the probate of a will. That such attestation was made in the presence of the testator may be fairly inferred from the deposition, although not specifically stated. He deposed that he subscribed the attestation clause, which was then before him, and which specifically states that the attestation was in the presence of the testator, and thereby he may fairly be said to have affirmed the truth of that statement. Proof of the signature of said MacKenzie, as well as that of the living witness, Sorrell, to the attestation clause, gives the language of that clause great probative force, and, under the authorities, the effect of the statement in said attestation, that said will was subscribed and attested by the witnesses in the presence of the testator and of each other, is to throw the burden of proof, that it was not so attested, upon the opponent of the will.—*Tappen v. Davidson*, 27 N. J. Eq. 459-460; *Allaire v. Allaire*, 37 N. J. L. 312-325; *In re Will of Cottrell*, 95 N. Y. 329-335; *Nickerson v. Buck*, 66 Mass. 332-341; *In re Papoon's Will*, 91 N. Y. 255; 1 Woerner's Administrations, pp. 71, 475; *In re Shapter's Estate*, 35 Colo. 578. In *Allaire v. Allaire, supra*, p. 325, the court said:

"But although a testimonium clause be not indispensable, a certificate of attestation, which comprises a statement of all that is requisite to the formal execution of the instrument as a will, is in the highest degree useful with respect to the proof at the trial. It is *prima facie* evidence of all the facts stated in it. If, by reason of the death of the attesting witnesses, or their absence beyond the reach

of process, or for any other cause, a foundation be laid for the introduction of secondary evidence, proof of their signatures will be evidence that what they attested, in fact, did take place (citing cases). And if the attesting witnesses, when called, admit their signatures, but through defect of memory, or for any other reason, fail to testify to the due execution of the will, it may be established on the presumption arising from the form of the attesting clause, unless there be affirmative evidence given to disprove its statements.''

And such seems to be the rule recognized by practically all of the authorities. It is also held that the attestation of the will in the presence of the testator is an implied statement that the testator was of sound mind and competent to make a will.—In re Shapter's Estate, *supra,* p. 584; *Stevens v. Leonard,* 154 Ind. 67. This statement implied as to Mac-Kenzie's attestation, supplements Sorrell's express statement in evidence. In the absence of any showing to the contrary, the testimony offered in support of the will was amply sufficient for the admission of the same to probate.

6. Under our statute, and the objections raised, the contestor had the right to have the issue as to whether the writing in question was the last will and testament of the alleged testator tried to a jury, unless waived. Both parties in this case having requested the court to direct a verdict, and the contestor, after refusal of the court to direct a verdict in his favor, having failed to request that any specific issue of fact be submitted to the jury, he thereby waived his right, and the refusal of the court to submit the question to the jury upon the general issue

was not error, and contestor cannot predicate error upon such refusal.—*Insurance Co. of North America v. Wis. Cent. Ry. Co.*, 134 Fed. 794; *Groves v. Acker*, 85 Hun. 492; *Keohler v. Adler, admr.*, 78 N. Y. 287; *Magone v. Origet*, 70 Fed. 778; *Kirtz, admx., v. Peck*, 113 N. Y. 222.

Under the evidence in this case and upon the authority of the supreme court *In re Shell's Estate*, 28 Colo. 167, the county court had the right, and it was its duty, to direct a verdict for the proponent. No substantial error appearing in the record the judgment will be affirmed.