## PROMISSORY NOTE RECEIVED FOR PRE-EXISTING DEBT IS TAKEN IN DUE COURSE AND FOR VALUE.

Common Pleas Court of Hamilton County.

### W. B. WUESTEFELD v. BEN C. ALBERT.

Decided, January 20, 1916.

*Bills, Notes and Checks—Note Received in Due Course and for Value— Where Taken in Payment of a Debt—New Note Taken in Part Payment for One Which Had Become Due.*

1. Where a note is received in payment of a pre-existing debt due from the signer of the note, he parts with nothing and the note is taken in due course and for value.
2. The holder of a note, which he surrenders for part payment in cash with the balance evidenced by a new note, is a holder for value.

*Charles S. Bell* and *Frederick E. Niederhelman,* for plaintiff in error.

*M. Muller,* contra.

NIPPERT, J.

Error to the Municipal Court of Cincinnati.

The defendant in error, Ben C. Albert, recovered a judgment of $203.75, in the court below, against the plaintiff in error, W. B. Wuestefeld, who now prosecutes error to this court.

Plaintiff below based his claim against the defendant below on a certain promissory note, of which the following is a true and correct copy:

"$200.00                              MAY 28th, 1914.

"Ninety days after date I promise to pay to the order of H. Stern, Two Hundred Dollars.

"At the Peoples Bank & Savings Company. Value Received.
                                        "W. B. WUESTEFELD.

"Endorsements:
    "H. STERN,
    "BEN C. ALBERT."

The said note was protested for non-payment and plaintiff paid $1.25 protest fees. Plaintiff claimed that he was the *bona fide* holder for value, in due course, of said note and recovered judgment in the sum of $203.75 and his costs.

The defendant below, in his answer, admitted that he signed the note and sued upon, but says that he signed said note for the accommodation of said H. Stern, and that he received no consideration whatsoever for signing said note; and denied that Albert is the owner and holder for value of the note sued on or that he took it in good faith for value and in due course of business; that the plaintiff took the note of said Stern and applied the same as a credit upon the account of the claim which Albert then had against Stern and which claim was then due and owing by said Stern to plaintiff, and that at the time Albert took said note he gave no value or consideration therefor.

The cause was submitted upon the pleadings and the evidence, and the court below, upon consideration thereof, found that there was due Ben C. Albert from W. B. Wuestefeld the sum of $203.75, to all of which defendant below noted his exceptions, mainly on the ground that said judgment is contrary to law in as far as the court held that Albert received this $200 note in due course of business and for value.

The trial of the cause in the court below developed the following facts, to-wit: Before the giving of the $200 note involved herein, Stern had given Albert a note for $300, which Albert applied upon Stern's account of about $1,200; when this note matured Stern gave Albert $100 in cash and a note of $200, executed by Wuestefeld, in renewal of the $300 note. This $200 note was not paid at maturity and Albert thereupon sued Wuestefeld for the face of the note and recovered judgment, which is now before this court for review.

Where a party receives a note for a pre-existing debt due from the person who signs the note, he parts with nothing, for a conditional payment by note does not impair the right of the creditor to proceed upon the original indebtedness, and notes so taken are not taken in due course and for value. This ap-

plies to the $300 note which Albert received from Stern, endorsed by Wuestefeld. The law regards such payment, under such circumstances, as conditional only, and the right of the creditor, Albert, to proceed upon the original indebtedness after the maturity of the paper is unimpaired unless there is affirmative proof of the intention on part of Albert to receive the Stern-Wuestefeld paper in absolute discharge and satisfaction of the debt at the time of its receipt.

But we are not called upon to fix the respective rights of the parties to this action in as far as the first note of $300 is concerned. Counsel for plaintiff in error would have a good defense if the suit had been brought upon the original $300 note, for under the decisions of our courts no valuable consideration passed when Albert accepted Stern's first note, and the record shows that it was a conditional payment only.

The question raised in this case is as to the liability of Wuestefeld upon a $200 note, which was given by Stern to Albert when the above-mentioned $300 note matured. The record discloses the fact that upon the maturity of the $300 note, Stern paid Albert $100 cash and gave him the note executed by Wuestefeld for the balance, that is, $200. The $300 note was delivered to Stern and was sufficient consideration for the $100 payment and the $200 note. The consideration was the surrender of the original $300 note.

In the case of *Van Norden Trust Co.* v. *Rosenberg,* 62 Misc., 285, the court held that the holder of a note for $2,000, who surrendered it for a payment of $500 cash and a new note for $1,500 executed by the maker and endorsed by the defendant, was a holder for value.

In surrendering the old note, Albert parted with value, and the case is thus brought expressly within the terms of Section 8131, General Code:

"When value at any time has been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time."

*Brannin, Neg. Instr.,* p. 35, supports this principle.

The fact that the $200 note of Wuestefeld was discounted by Albert at the Peoples Bank does not strengthen the case of the defendant in error. The note became an instrument for value in the hands of Albert the moment he delivered the old note for $300. It is admitted that Albert acted in good faith and without fraud and without notice that the note of Wuestefeld was an accommodation note, so that, the defendant in error having taken the note in good faith and for value must be considered a holder in due course and is entitled to recover.

The judgment below will therefore be affirmed.